MICHAEL LEE et al., on Behalf of Themselves and All Other Employees of IDEAL ROLLER & MANUFACTURING COMPANY, Plaintiffs, v. IDEAL ROLLER & MANUFACTURING COMPANY Defendant.

Municipal Court of the City of New York, Borough of Queens, November 9, 1949.

*Lundgren, Bartels & Lincoln* for defendant.

*Stephen C. Vladeck* for plaintiffs.

SCILEPPI, J. The court has before it for consideration a motion for summary judgment made by the defendant to dismiss the plaintiffs' complaint herein on the ground that there is no issue as to any material fact in this case and which entitles the defendant to judgment as a matter of law, pursuant to rule 113 of the Rules of Civil Practice. The plaintiffs herein oppose the defendant's motion and have made a cross motion for summary judgment for the amount demanded in the complaint on the ground that there is no issue as to any material fact and that the plaintiffs are entitled to judgment as a matter of law.

The entire controversy, therefore, is before the court for decision on the questions of law.

While the amount involved in this case is small, the point at issue is one of general application between employers and employees, and in effect is a test case. So far as the court can ascertain, this is the first time any court has been called upon to decide the issue in question.

The plaintiffs herein, Michael Lee and John Epsom, have brought this action on behalf of themselves and all other employees of the defendant, Ideal Roller & Manufacturing Company, Inc., of Long Island City, New York, similarly situated, for two hours' wages at the overtime wage rate of time and one half the straight time wages. The two hours in question were worked by the plaintiffs on Saturday, November 6, 1948.

An analysis of the time worked by these plaintiffs during the week beginning November 1, 1948, to November 6, 1948, is as follows:

Monday, November 1st, 8 hours;

Tuesday, November 2d (Election Day), 6 hours with 2 hours voting time off paid at straight time wages;

Wednesday, November 3d, 8 hours;

Thursday, November 4th, 8 hours;

Friday, November 5th, 8 hours.

Up to that time, the plaintiffs actually worked from Monday to Friday inclusive, a total of thirty-eight hours. As pointed out, the plaintiffs worked only six hours on Election Day, November 2d, but received 8 hours' pay at the usual straight rate even though they actually worked six hours. The plaintiffs and the other employees similarly situated were paid for forty hours' work from Monday to Friday, inclusive, although they worked only thirty-eight hours during that period. On Saturday, November 6th, the plaintiffs worked four hours. Other employees apparently worked longer on that day but that is not material nor does it enter into the question before the court. From Monday to Saturday, inclusive, these plaintiffs actually worked a total of forty-two hours with two additional hours off for voting on Election Day, November 2d.

The defendant paid the plaintiffs at overtime rate for only two of the hours they worked on Saturday, November 6th, applying the other two hours they worked on that day to fill in the absence time of two hours allowed them in order to vote on Election Day. In other words, those two hours allowed them to vote were not included in computing hours worked for the purpose of overtime pay. Two of the four hours which the plaintiffs worked on Saturday, November 6, 1948, were paid the plaintiffs at straight time and the other two hours at overtime rate.

The plaintiffs contend that the two hours' time off allowed them on Election Day and for which they were paid should be included in computing hours worked for the purposes of overtime pay even though they did not actually work those two hours. In other words, they contend that they should receive overtime pay at the rate of one and one half the regular straight time pay for the four hours they worked on Saturday, November 6th.

The issue between the parties involves the interpretation and application of the provisions of section 200 of the Election Law of the State of New York (L. 1909, ch. 22, § 365, as amd. by L. 1918, ch. 32, now Election Law, § 226) and a consideration of the provisions of the union contract entered into between the defendant and the International Association of Machinists—District Number 15, Lodge 295, of which union the plaintiffs are members. The contract is dated November 5, 1947, and was in full force and effect during the period of work time involved in this case.

Section 226 of the Election Law above mentioned provides as follows: ''Any person entitled to vote at an election shall on the day of election be entitled to absent himself from any service

or employment in which he is then engaged or employed, for a period of two hours, while the polls of the election are open; provided, however, that this section shall not apply to a voter on the day of a primary election if there be two successive hours, while the polls of such election are open, in which he is not in the service of an employer. If the voter shall notify his employer before the day of election of such intended absence, and if thereupon two successive hours for such absence shall be designated by the employer, and such absence shall be during such designated hours, or if the employer upon the day of such notice makes no designation, and such absence shall be during any two successive hours while the polls are open, *no deduction shall be made from the usual salary or wages of such voter, and no other penalty shall be imposed upon him by his employer by reason of such absence.* This section shall be deemed to include all employees of the state and all of the civil divisions thereof including cities, towns, and villages." (Emphasis court's.)

The defendant does not admit the employees gave the required notice provided for in said section but, for the purposes of this motion, it waived the question of notice and concedes that the notice was given. All employees were given two hours' time off on Election Day, viz., November 2, 1948, pursuant to the provisions of that statute.

The union contract specifies the work hours for employees as follows:

" Article XII — ' Hours of Work '

" 1. For payroll purposes the normal work day is defined as eight hours, (except for watchmen), and the normal work week is defined as forty (40) hours. This shall not be construed as a guarantee of hours of work per day or per week."

The union contract provides for overtime pay for employees as follows:

" Article XIV — ' Overtime and Premium Time '

" 1. Time and one-half the regular straight time hourly rates will be paid all time worked by an employee in excess of forty hours of work in a regularly scheduled work week, or in excess of eight hours of work in a regularly scheduled work day."

The regular scheduled work week is six days from Monday to Saturday inclusive.

The regular scheduled workday is eight hours per day.

Payday under the union contract is Friday following the end of the work week.

It is clear, therefore, that under the contract the plaintiffs and the other employees similarly situated are not entitled to overtime wages unless they worked in excess of forty hours during the period from Monday to Saturday inclusive; or unless they worked in excess of eight hours on any one day within the week.

The question that is presented for decision is whether the two hours' time off allowed the plaintiffs to permit them to vote on Election Day as provided for in the Election Law and for which they received straight pay should be included in computing hours worked for the purpose of overtime pay under said statute and under the provisions of the union contract.

Section 226 of the Election Law provides in part that no deduction is to be made from the usual salary or wages of such voter (employee) and no other penalty shall be imposed upon him by his employer by reason of such absence. The plaintiffs claim that they were penalized by the defendant by taking two of the four hours they worked on Saturday, November 6, 1948, and adding those two hours to the time actually worked on Election Day November 2d, to make up the forty-hour work week.

Section 226 of the Election Law was enacted to protect the earning capacity of employees (voters) and their standing and position in their place of employment which is so vital to the maintenance and continuance of free elections. Any deprivation of income to the voter which he would otherwise normally receive would be in violation of this statute.

It is conceded by the defendant that if the plaintiffs had actually worked eight hours on Election Day, with two additional hours off to vote, the plaintiffs would be entitled to two hours' pay at overtime rate for that day. In other words, the two hours' voting time off allowed on Election Day would be included in the computation of overtime pay for that day as time worked. The Attorney-General is of the opinion that employees who absent themselves on Election Day are entitled to receive the same wage they would have received had they actually remained on the job (Opinion of Atty. Gen., by letter dated Jan. 15, 1941). The section of the Election Law in question applies to weekly, daily, hourly or piece-work wage earners, and no deduction may be made in wage or salary paid any such employee by an employer for the two hours' absence during voting time on Election Day. (Opinion of Atty. Gen., by letter dated Jan. 15, 1941.)

This court finds that if the voting time is included in the computation of hours worked in the workday unit for the purposes of

overtime payment, there is no logical reason why the same rule should not prevail in computing hours worked in the workweek unit of employment regarding overtime salary.

By failing to count the two hours' voting time allowed the plaintiffs on Election Day, November 2, 1948, in the computation of hours worked in the work week in question for purposes of overtime payment, the defendant deducted two hours of salary which the plaintiffs earned at overtime pay at the end of the work week on Saturday, November 6, 1948. That, in the court's opinion, was done in violation of the provisions of the Election Law of the State of New York and in violation of the letter and spirit of the union contract between the plaintiffs' union and the defendant corporation.

If the defendant desired to cover itself against payment of overtime salary for the two hours in question, it could have limited the working time of its employees during the course of the week so as to keep the working hours for that week within forty hours. The defendant had the right to bring that work week within the limit of forty hours if it desired by closing its plant on Saturday of the week in question. However, it chose to keep its plant operating instead. It seems clear from article VIII — " HOLIDAYS " — paragraphs one, two and three of the union contract, that the parties recognize that the provisions of the contract dealing with computation of overtime pay were to be liberally considered and construed, for under that article of the contract on certain stated holidays, viz., Labor Day, Thanksgiving Day, Christmas Day, New Year's Day, Memorial Day and Independence Day, when these holidays are observed on a day which would have been a scheduled workday but for the holiday, and on which no work is required of the employee by the company, provided he has not been absent from work more than one full day in the scheduled work week in which the holiday is observed, each employee receives eight hours' pay at his regular straight time hourly rate on those holidays and in addition, the eight hours' holiday pay which he would otherwise be entitled to receive under the provisions of the contract for time worked on any of the holidays mentioned. Under the contract, in the computation of overtime pay, each of the above-named holidays is computed as a day worked for employees eligible to holiday pay. Each of the above-mentioned holidays is counted under the union contract as a day worked even though they actually did not work on the holiday.

This provision of the contract and its application to computation of overtime pay in that situation is indicative of the inten-

tion of the parties that any time off allowed by the Election Law and paid for, as in this case, or any time off received by the employees on holidays and paid for should be in the same category and both counted in the employee's potential overtime earning capacity for the regular work week, the actual amount of which can only be ascertained and determined at the end of the week.

The defendants contend that the provisions of the statute which is now section 226 of the New York Election Law may not be considered with regard to the employees' (voters') deprivation of benefits of overtime wages since there was no such thing as overtime at the time the law was first enacted. This contention, in the court's opinion, is untenable because since the Election Law was originally enacted, that statute has been amended time and again and as late as 1948. The Fair Labor Standards Act enacted in 1938 (U. S. Code, tit. 29, § 201 *et seq.*) laid down and fixed the rights and obligations of labor and management respectively in their relations with each other as employee and employer. Overtime pay is one of the many provisions of that Federal statute which, among other things, provides for collective bargaining and sets a standard for present-day labor relations between employees and employers.

None of the State Legislatures either before or since the enactment of the Federal Fair Labor Standards Act in amending the Election Law has limited in any way the clear, unambiguous and broad language of the original statute which is now section 226 of the Election Law. In amending this statute from time to time, the provisions relating to the prohibition of deductions by employers of any salary or wages; and against the imposition of a penalty on employees (voters) for receiving absence time for voting on Election Day, have not been changed by our Legislatures. It has not restricted the application of the provisions of that section in any way notwithstanding the fact that the Legislatures passing these amendments knew of the enactment of the Fair Labor Standards Act and its provisions for overtime wages.

It must be held, therefore, that the provisions of the original statute, now section 226 of the Election Law, must be considered in the light of present-day labor conditions and labor relations, and that the provisions of the statute must be projected and applied to present conditions. To do this, in my opinion, is consistent with the intent of the Legislature which originally enacted that statute and within the general scope of the provisions thereof.

The court is convinced that on the facts before it and the law applicable to these facts, there is no legal defense to the plaintiffs' cause of action and the said plaintiffs' motion for summary judgment is granted. The plaintiffs are awarded judgment in the sum of $90.12, together with interest as demanded and costs.

The defendant's motion for summary judgment is denied.