Arthur F. Williams, Appellant, *v.* Aircooled Motors, Inc., Respondent.

Fourth Department, January 6, 1954.

*Richard T. Mosher* for appellant.

*Henry S. Fraser* for respondent.

VAUGHAN, J. This appeal comes to us from an order of the Onondaga County Court affirming a judgment of the Municipal Court of Syracuse granting defendant's motion for summary judgment dismissing plaintiff's complaint, in an action brought to recover overtime claimed to be due under the provisions of section 226 of the Election Law, relating to time allowed employees to vote.

Plaintiff-appellant is an employee of respondent Aircooled Motors, Inc., whose contract with the union requires compensation according to time and one-half for hours in excess of eight in any one day and forty in any one week. At the time in question, the employer operated on a nine-hour day and a forty-five hour week, and plaintiff's rate of compensation was $1.80 per hour for straight time and $2.70 per hour for time and one-half. The employer has also contracted to " comply with the requirements of the New York State Election Law in allowing time off with pay to vote." Section 226 of the Election Law provides that on Election Day any voter may be absent from his employment for two hours while the polls are open, and that " no deduction shall be made from the usual salary

or wages of such voter, and no other penalty shall be imposed upon him by his employer by reason of such absence." On election eve, plaintiff notified defendant of his intention to absent himself during two hours on the following day, whereupon the employer, in the exercise of its statutory right, designated two hours immediately following seven hours of work. On November 4th, therefore, plaintiff left the plant after seven hours and did not return to work that day.

Plaintiff's usual "salary or wages" for a nine-hour day amounts to $17.10. Contrary to the statute, he was paid only $16.20 according to his basic hourly straight time rate of $1.80. This action was commenced to recover ninety cents, representing one-half time for the ninth hour. The employer took summary judgment below.

We think that "the usual salary or wages" referred to in section 226 is the amount received on a typical working day, and cannot be construed to indicate the usual hourly rate of wages. There seems to be no adequate reason for departing from the statutory language. The purpose of the statute is clearly to encourage voting, to make it financially immaterial to a voter whether he works or takes time off to vote. This requires that he be paid on Election Day precisely what he would have earned had he remained on the job for nine hours. Election Day is the unusual day; the normal work day determines an employee's "usual salary or wages," from which a deduction is prohibited. Under any other interpretation, the plaintiff must pay ninety cents for exercising his franchise, which he may be assumed to be disinclined to do. (See *Lee* v. *Ideal Roller & Mfg. Co.,* 197 Misc. 389.) It is immaterial that time and one-half was an unknown practice at the time of the original enactment (L. 1890, ch. 262, § 36), for the statute has since been amended time and again and as recently as 1948.

Respondent urges that the statute would be unconstitutional if construed to require payment of overtime for hours not actually worked. Section 226 of the Election Law and section 759 of the Penal Law were held constitutional in *People* v. *Ford Motor Co.* (271 App. Div. 141), where no issue of overtime pay was presented, on the ground that measures furthering the free performance of the elective act are in the general interest and supported by the police power. A similar Missouri statute has also survived due process objections (*Day-Brite Lighting, Inc.,* v. *Missouri,* 342 U. S. 421). Respondent refers to the dissenting opinion of Mr. Justice JACKSON in that case (p. 427): " I do not question that the incentive which this statute offers

will help swell the vote; to require that employees be paid time-and-a-half would swell it still more, and double-time would do even better." This evidently refers, not to compensation which would otherwise be received, but to a premium not called for by the employment.

The order appealed from should be reversed and summary judgment granted to the appellant.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Order of Onondaga County Court and judgment of the Municipal Court of Syracuse reversed on the law and summary judgment granted in favor of the plaintiff in the sum of ninety cents, with costs in all courts to the plaintiff. [See *post*, p. 767.]