H. M. LORENTZEN et al., appellants, v. DEERE MANUFACTURING COMPANY, appellee.

No. 48582.

(Reported in 66 N.W.2d 499)

OCTOBER 19, 1954.

Connolly, O'Malley & McNutt, of Des Moines, for appellants.

Gibson, Stewart & Garrett, of Des Moines, for appellee.

C. I. McNutt, of Des Moines, for Iowa State Federation of Labor, amicus curiae.

Robertson & Hoebreckx, of Milwaukee, Wisconsin, for J. I. Case Company, amicus curiae.

B. F. Swisher, general counsel of the Rath Packing Company, amicus curiae.

Pike, Sias, Butler & Hoxie, of Waterloo, amicus curiae.

THOMPSON, J.—The plaintiffs were at all times material herein employees of the defendant. On November 3, 1952, they made a written request of their employer that they be permitted to absent themselves from work on November 4, 1952, the date of a general election in Iowa, for a period of two hours each for the purpose of voting in said election. The defendant re-

fused to designate any two-hour period or periods within the plaintiffs' working hours, but designated a period of three and one-half hours, between the end of plaintiffs' work shift at 4:30 p. m. and the closing of the polls at 8 p. m. in which they might vote. Thereupon the plaintiffs each left his work on election day at 2:30 p.m., two hours before the end of his regular shift, for the declared purpose of voting. No one of the plaintiffs lived so far from his legal voting place that he could not reach it in ample time to cast his ballot by leaving his place of employment at 4:30 p. m. It appears from the stipulation of facts entered into by the parties that each of plaintiffs voted on the date in question. It also appears from the record that many of them did not vote within the two hours taken from their work—that is, between 2:30 and 4:30—and that the greatest distance any one of them had to travel from defendant's plant to his voting place was forty-two miles. Apparently all of them had automobile transportation. The defendant refused to pay plaintiffs for the two hours time taken from their work and they brought this suit to recover wages alleged to be due them for such period.

Section 49.109, Code of Iowa, 1950, in effect at the time in question and since, forms the basis for plaintiffs' claims. It is herewith set out:

"49.109 Employees entitled to time to vote. Any person entitled to vote at a general election shall, on the day of such election, be entitled to absent himself from any services in which he is then employed for a period of two hours, between the time of opening and closing the polls, which period may be designated by the employer, and such voter shall not be liable to any penalty, nor shall any deduction be made from his usual salary or wages, on account of such absence, but application for such absence shall be made prior to the day of election."

The position of the defendant and of the various amici curiae who filed briefs in support of its position may be summarized by stating their two contentions: 1, that the statute, properly interpreted and construed, does not require the employer to pay the employee for time taken off on election day

when the latter has ample time of his own, before or after his working hours, in which to reach the polls and cast his ballot; and 2, that if the statute is to be construed to require the employer to give the employee two hours off from his work, with pay, in which to vote it is unconstitutional. The two contentions run together at the point at which it is urged that we should construe the statute in that way which will make it constitutional rather than unconstitutional, and that to interpret it as asked by the plaintiffs would violate this rule and leave it unconstitutional.

I.   We shall first consider the question of the proper interpretation of the statute. It is contended by the defendant and the amici curiae who have joined forces with it that we must construe it to mean that the employer need not give the designated time off if the employee has reasonable time and means for voting outside his working hours, because to hold otherwise would make the statute unconstitutional; because it would bring about an absurd result; and because the language of the statute fairly read requires such a construction. We are unable to agree with any of these reasons, nor can we find anything doubtful, ambiguous or uncertain in the statute which permits us to indulge in interpretation; or, differently worded, which admits of more than one construction.

The statute is plain. It says that any person entitled to vote shall "* * * be entitled to absent himself from any services in which he is then employed * * *." How can the employee absent himself from services in which he is employed unless he does so during working hours; during the time in which he is employed? How can the employer "designate" the two hours which the employee may absent himself unless these hours are within the working period? The employer has no control over the employee's hours outside his regular working time. In the case at bar the employer attempted to say to the workmen, "You have ample time to vote after your work shift ends; I designate the three and one-half hours from 4:30 to eight o'clock, the time of closing of the polls, as the period when you can vote." To hold with this construction would abrogate the statute. The designated time must be two hours when the em-

ployee is rendering services to the employer and between the opening and closing of the polls. Both these requirements must be met, under the plain terms of the statute, and the employee must not be penalized by deduction from his salary or wages because of such absence.

The language of the statute is so plain that we shall not further labor the obvious by discussing it. The trial court apparently placed its finding for the defendant upon the question of construction of the statute, saying: "That section 49.109, Code of Iowa, does not require the employer to give to the employee time to vote where the employee's regular working schedule gave to each employee two or more consecutive hours of his own time in which to vote."

The court did not discuss or decide the constitutional questions raised by the defendant and its supporting amici curiae.

We have indicated our disagreement with the conclusion of the trial court. One case supports it—State v. Day-Brite Lighting, Inc., a case decided by the St. Louis Court of Appeals of Missouri and found in 220 S.W.2d 782. The Missouri statute was much like the Iowa law, differing only in giving the employee four hours instead of two in which to vote. This was interpreted as was the Iowa statute by the trial court in the case at bar. It will be noted such a construction requires the writing in of the phrase "if he does not otherwise have sufficient free time" or words of similar import into our statute. We are not impressed with the reasoning of the Missouri Court of Appeals and decline to follow it. It should be noted that this part of the decision—the part interpreting the statute— was not appealed and so was not considered by the Missouri Supreme Court when the case came up to it (see 362 Mo. 299, 240 S.W.2d 886) nor by the Supreme Court of the United States upon the further appeal to it (342 U. S. 421, 72 S. Ct. 405, 96 L. Ed. 469). The only question before the Missouri Supreme Court and the United States Supreme Court was the constitutional one.

Other cases support the view that the statute means the time designated must be within the working period of the employee on election day and must be paid for by the employer.

1322

It is true the discussion in most of these turns chiefly upon the constitutional questions raised. The proper interpretation seems to have been tacitly conceded by the employers involved, under statutes much like ours; but in each case the statute in question, construed as we have indicated ours should be, has been upheld as valid. State v. International Harvester Co., Minn., 63 N.W.2d 547; People v. Ford Motor Co., 271 App. Div. 141, 63 N.Y.S.2d 697; Ballarini v. Schlage Lock Co., 100 Cal. App. 2d Supp. 859, 226 P.2d 771; Williams v. Aircooled Motors, Inc., 283 App. Div. 187, 127 N. Y. S.2d 135.

When a statute is so clear and unambiguous that it admits of only one meaning, we are not allowed to construe it. We are not the judges of its wisdom; when the legislature has spoken in plain terms, we may not rewrite the statute in order to make what we may think is more desirable law. That is what we are invited to do here; we decline to enter the field of judicial legislation.

II. The question of possible unconstitutionality of section 49.109 is suggested, but not argued, by the appellee. In its answer to plaintiffs' petition it pleaded various sections of the Federal and State Constitutions which were alleged to be violated by the statute construed as contended for by plaintiffs. But in its brief and argument, under the heading "Constitutional Aspects", it says: "The appellee does not deem it necessary to argue any of the constitutional matters which might be involved." It is true it is later urged that a holding interpreting the statute favorably to plaintiffs would make it unconstitutional, but we are not told why this would be so, what particular provisions of the basic law of the Federal or State Governments would be transgressed, or what authorities so hold. There is a presumption that each act of the legislature is constitutional, and its invalidity must be clearly shown before the courts may strike it down. Central States Theatre Corp. v. Sar, 245 Iowa 1254, 66 N.W.2d 450; Miller v. Schuster, 227 Iowa 1005, 1014, 289 N.W. 702, 706, 707. In view of the strong presumption of validity of the law and the failure of the defendant-appellee to point out in argument wherein it offends against the provisions of either constitution or to cite sustain-

ing authorities, we decline to pass upon the constitutional aspects of the statute. Some of the briefs of the amici curiae suggest unconstitutionality, without arguing it at any length. But we think the case must be made by the parties litigant, and its course and the issues involved cannot be changed or added to by "friends of the court." It is said in 2 Am. Jur., Amicus Curiae, section 4, page 680: "He [amicus curiae] has no control over the suit and no right to institute any proceedings therein. It seems clear that an amicus curiae cannot assume the function of a party in an action or proceeding pending before the court, and that ordinarily, he cannot file a pleading in a cause."

It should be noted also that the trial court did not find the statute unconstitutional. It said: "The court agrees with the decision of the Supreme Court of the United States in the case of Day-Brite Lighting, Inc. v. State of Missouri, 342 U. S. 421, 96 L. Ed. 469, 72 S. Ct. 405, but is of the opinion that the same does not rule the case at bar."

The Day-Brite case to which the learned court referred held a Missouri time-for-voting statute constitutional. At least the court did not hold the Iowa statute invalid.

We do not find any constitutional question sufficiently or specifically argued.

III. Related to the question discussed in Division I is the contention of the defendant that a literal construction of the statute will result in injustice, unreasonable or absurd consequences. In support of this position is cited Case v. Olson, 234 Iowa 869, 14 N.W.2d 717, and other authorities referred to therein. We may accept this as an established rule of law, without changing our position as to the true meaning of the statute as expressed by the legislature. When the lawmaking body has spoken as plainly and unambiguously as it has here, it is not for us to say it did not mean what it said. It is true conditions have changed since the statute under consideration first became law in 1892. Then hours of work were much longer and means of transportation to the polls were much slower. Without the protection of the statute many employed persons might have been deterred from voting. Now, with the polls open generally in Iowa for either twelve or thirteen hours, and with automobile

transportation available to almost everyone, the necessity for such protection is much less apparent. Indeed, the wisdom of payment to the employee for voting may be questioned. Justice Douglas, in the majority opinion in Day-Brite Lighting, Inc. v. Missouri, supra, 342 U. S. 421, 425, 72 S. Ct. 405, 408, 96 L. Ed. 469, 473, said:

"The judgment of the legislature that time out for voting should cost the employee nothing may be a debatable one. * * * But if our recent cases mean anything, they leave debatable issues as respects business, economic, and social affairs to legislative decision."

It may be remarked in passing that it may be still more debatable to pay the voter for voting. Under modern economic conditions, in Iowa at least the great majority of workers have ample time outside their working hours in which to reach the polls and cast their ballots. So the two-hour period taken from their time of service becomes a reward for performing a civic duty which every citizen should be glad to perform without pay. It becomes a bonus, a "windfall."

But as conditions have changed in the sixty-two years since the statute was first enacted, legislatures have come and gone without making any material changes therein. It is substantially today as it was when first enacted. We must conclude that the lawmaking body has decided the changes in working hours and means of transportation have not yet removed the need for the protection of the statute. It is not for us to overrule its judgment by an interpretation which could be nothing more than judicial legislation. We said in Jones v. Thompson, 240 Iowa 1024, 1036, 38 N.W.2d 672, 678:

"The only legitimate purpose of statutory construction and interpretation is to ascertain the legislative intent. And when the language of the statute is so clear, certain and free from ambiguity and obscurity that its meaning is evident from a mere reading, then the canons of statutory construction are unnecessary, because there is no need of construction and interpretation. We need not search beyond the wording of the statute."

Many supporting authorities are cited immediately following the above quotation. The language is expressly applicable here. If the statute has become outmoded, the remedy is for the legislature.

Other questions that might arise, such as whether the employee must be paid if he does not vote or if he does not vote within the two-hour period, are not argued and we do not consider them.

The judgment of the trial court is reversed, with directions to enter judgment for plaintiffs.—Reversed.

All JUSTICES concur.