[No. 36373.   En Banc.   June 15, 1962.]

ALVA LONG, *Appellant*, v. HOWARD ODELL *et al.*, *Respondents.**

*Alva C. Long* and *Phil McIntosh*, for appellant.

*Charles O. Carroll, David LaRose, The Attorney General,* and *Philip H. Austin, Assistant,* for respondents.

*William S. Lewis,* amicus curiae.

PER CURIAM.—This is an appeal from a declaratory judgment holding that chapter 299 of the Session Laws of 1961 is constitutional.

*Reported in 372 P. (2d) 548.

The act consists of 132 sections and is divided into 12 separate chapters. Basically it provides for a comprehensive reorganization of justice courts in class AA and class A counties, with optional applications to any of the other counties upon a majority vote of its board of county commissioners. With regard to municipal courts in cities and towns, the act also provides certain options and alternatives.

Section 10 of the act provides for a definite number of justices of the peace to be elected in each county of the state. The number of justices of the peace in any county may be decreased or increased under certain conditions, but in every case the exact number of the justices of the peace to be elected in a particular county can be determined through application of a formula established by the legislature.

In a number of counties, under the new act, justices of the peace are to be elected in the November-1962 election. The filings will open July the 2nd, and the need for a speedy determination of this appeal is urged upon us.

The brief on behalf of the appellant (presently a justice of the peace under the existing precinct system in King County) and the brief filed by amicus curiae, both attacking the constitutionality of the act, are noteworthy for their brevity and the paucity of citation of applicable authority.

A previous attempt to reorganize the justice courts and other inferior courts failed because the legislature attempted to delegate the determination of the number of justices of the peace to the "justice court district committees," without any workable definitive standards. This was a patent violation of Art. 4, § 10 (amendment 28), which provides that:

"The legislature shall determine the number of justices of the peace to be elected and shall prescribe by law the powers, duties and jurisdiction of justices of the peace: . . ." (See *Manus v. Snohomish Cy. Justice Court Dist. Committee* (1954), 44 Wn. (2d) 893, 271 P. (2d) 707.)

■ Appellant raises the same issue here. However, there is in section 10 of the 1961 act, with which we are

here concerned, an enumeration by the legislature of the specific number of justices of the peace in each county. There is in section 29 of the act a statement of the standards governing the establishment of justice court districts, which standards we find to be workable and definitive. The conditions under which various alternatives become effective are clearly stated in the act. We find no unconstitutional delegation of authority by the legislature.

Appellant limits his argument to his claim of unconstitutional delegation of authority[1] and says:

"We try to avoid the numerous constitutional questions which would arise from an attempt to operate any courts under the provisions of the Act; therefore, any reference to matters affecting lack of equal protection; questions of jurisdiction of subject matter; effect of statewide process; effect of filling of vacancies in a judicial office by cities and towns in some cases; effect of districting committees or boards of commissioners having the power to control matters of jurisdiction and venue, in both civil and criminal cases; control of compensation of judicial officers and court officials by municipal corporations and executive boards of counties, etc., are purely incidental to the basic question here involved."

Respondents' reply to this suggestion of other constitutional problems is that they are "somewhat vague" and "indefinite and unclear." This we regard as an understatement; and it suffices to say that appellant has been entirely successful in his effort "to avoid the numerous constitutional questions which would arise."

Amicus curiae urges several constitutional issues not presented to the trial court. These, as is customary in such cases, come to us only sketchily briefed. Experience has indicated the desirability of adhering to our rule that constitutional issues not presented to or considered by the trial court will not be considered on appeal. *Gnecchi v. State* (1961), 58 Wn. (2d) 467, 472, 364 P. (2d) 225; *John-*

[1]Appellant urged, in the trial court, a possible violation of Art. 2, § 19, of the state constitution prohibiting more than one subject in any bill introduced in the legislature. No mention of such a contention is made on this appeal.

*son v. Seattle* (1957), 50 Wn. (2d) 543, 545, 313 P. (2d) 676; *State ex rel. York v. Board of Cy. Com'rs* (1947), 28 Wn. (2d) 891, 913, 184 P. (2d) 577, 172 A. L. R. 1001; *Unemployment Compensation Department v. Hunt* (1943), 17 Wn. (2d) 228, 241, 135 P. (2d) 89; *North River Boom Co. v. Smith* (1896), 15 Wash. 138, 140, 45 Pac. 750.

In *Unemployment Compensation Department v. Hunt, supra,* it is said:

"We have many times held that questions which are not raised in any manner before the trial court will not be considered on appeal. *In re Corneliusen's Estate,* 182 Wash. 488, 47 P. (2d) 843; *Fisch v. Marler,* 1 Wn. (2d) 698, 717, 97 P. (2d) 147, 155; *Gill v. Strouf,* 5 Wn. (2d) 426, 105 P. (2d) 829. This general rule is, likewise, ordinarily applicable to defenses and objections based on constitutional grounds. 3 Am. Jur. 63, Appeal and Error, § 293; 4 C. J. S. 454, Appeal and Error, § 234; 8 Bancroft, Code Practice and Remedies, § 6433, p. 8479; 5 Bancroft, Code Pleading, Practice and Remedies (Ten Year Supp.), § 6433, p. 4102."

█ It is further well established that appellate courts will not enter into the discussion of points raised only by amici curiae. *Roehl v. Public Utility Dist. No. 1* (1953), 43 Wn. (2d) 214, 231, 261 P. (2d) 92; *Hall v. Esslinger* (1938), 235 Ala. 451, 179 So. 639; *Phoenix v. Drinkwater* (1935), 46 Ariz. 470, 52 P. (2d) 1175; *Eggert v. Pacific States Sav. & Loan Co.* (1943), 57 Cal. App. (2d) 239, 136 P. (2d) 822; *Lorentzen v. Deere Mfg. Co.* (1954), 245 Iowa 1317, 66 N. W. (2d) 499; *Young v. Wierenga* (1946), 314 Mich. 287, 23 N. W. (2d) 92.

As said in the *Lorentzen* case, *supra:*

". . . Some of the briefs of the amici curiae suggest unconstitutionality, without arguing it at any length. But we think the case must be made by the parties litigant, and its course and the issues involved cannot be changed or added to by 'friends of the court.' . . ."

Limiting our holding to the issues presented to the trial court, we agree with the following conclusions of law:

"That neither Chapter 299 of the Session Laws of 1961, nor any portion thereof, is in violation of Amendment 28

of the Washington State Constitution." (Conclusion of Law II.)

"That neither Chapter 299 of the Session Laws of 1961, nor any portion thereof, constitutes an unconstitutional delegation of legislative authority." (Conclusion of Law IV).

We are not prepared to go as far as the trial court in its judgment and say that chapter 299 of the Session Laws of 1961 "is in all respects a legislative enactment in conformity with the Constitution of the State of Washington." We would say that so far as any constitutional issue raised by the appellant is concerned, we find no valid constitutional objection to chapter 299 of the Session Laws of 1961.

As so modified, the judgment is affirmed.