**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
NOVEMBER 13, 2025

CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
NOVEMBER 13, 2025

SARAH R. PENDLETON
SUPREME COURT CLERK

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | ) |
| Respondent, | ) No. 102378-2 ) |
| | ) En Banc |
| v. | ) |
| JAMES LARON ELLIS | ) Filed: <u>November 13, 2025</u> |
| Petitioner. | ) |

GONZÁLEZ, J.—In 2008, when James Ellis was 18 years old, he committed a serious crime for which he received a long sentence. Years later, a point was removed from Ellis's offender score, which entitled him to a full resentencing. At Ellis's resentencing hearing, the court declined to consider Ellis's youth in determining his new sentence, despite Ellis's clear request.

In the years since Ellis's crime, we have acknowledged that children are different and even a young adult's age may be a mitigating factor that must be considered at a just sentencing. While sentencing judges have considerable

discretion, failing to meaningfully consider an 18-year-old's age when asked is an abuse of discretion. While a judge is not always required to impose a lesser sentence due to the mitigating qualities of youthfulness, a judge who declines to consider youthfulness when requested cannot be said to have meaningfully exercised their discretion.

This case asks whether the resentencing judge's failure to consider Ellis's youth was an abuse of discretion and also asks whether the restitution amount Ellis was ordered to pay violates the excessive fines clause of our state and federal constitutions. The Court of Appeals held that while the resentencing judge had discretion to consider Ellis's youth, any error that stemmed from the failure to consider youth was harmless because Ellis received the standard range sentence his defense counsel requested. We disagree and reverse the Court of Appeals on this issue. The Court of Appeals also held that Ellis's restitution was not constitutionally excessive. We agree and affirm the Court of Appeals on this issue.

We remand for a de novo sentencing hearing.

FACTS AND BACKGROUND

When Ellis was 18 years old, he killed Javon Holden. Ellis pleaded guilty to second degree felony murder, his standard range was 225-325 months, and he was ultimately sentenced to a term of 300 months. Ellis had an offender score of 4, which included a prior conviction for unlawful drug possession. The sentencing

judge imposed $7,097.32 in restitution to the Crime Victims Compensation (CVC)

fund, jointly and severally with two codefendants. The amount included a portion

of the funeral expenses of Ellis's victim.

As a result of our *Blake* decision, Ellis became eligible to vacate his

unlawful drug possession conviction. *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521

(2021). Ellis sought relief pursuant to *Blake,* and a resentencing hearing was held.

*See* Clerk's Papers (CP) at 30-34; Verbatim Rep. of Proc. (RP) at 4 (while there is

no CrR 7.8 motion in the record, the sentencing court acknowledged both orally

and in writing that Ellis filed a motion for *Blake* relief).

With his *Blake* conviction vacated, Ellis's offender score changed from 4 to

3, which lowered the applicable standard range that applied to his sentence. *See*

RCW 9.94A.510 (the sentencing grid); CP at 32. At his resentencing hearing, Ellis

asked the judge to take his youthfulness into consideration. The resentencing

judge first responded by saying, "I'll just tell you before we get started, that's a

different issue than the one we're talking about today." RP at 5-6. The

prosecuting attorney asked the judge to impose the same 300-month sentence

because it was still within the standard range, and Ellis's defense counsel sought a

289-month sentence because that was "proportionally within the new range . . .

going from an offender score of a four to a three." RP at 6-7. Ellis was given an

opportunity to speak, and in the exchange between Ellis and the judge, Ellis again

3

asked for his youthfulness to be considered. The judge declined and instructed

Ellis to pursue the issue elsewhere, outside of the resentencing hearing and

presumably in a personal restraint petition.

> THE COURT: . . . Mr. Ellis, you don't have to say anything about what we are doing here today, but it's a change in the sentence regarding your sentence, so you've got the right to speak if you want to, and now would be the time to say something if you want to.
>
> THE DEFENDANT: I would just like to say, Your Honor, that, you know, during the time that I have been incarcerated – I'm 32 years old now. I got to prison at 19 years old. I've definitely accomplished a lot of education, training, and things of that nature, and I've definitely grown into something better than I would have been still in that toxic environment that I come from. I have two boys that I'm definitely involved with. I call them all the time.
>
> Your Honor, all I'm just asking within you is to use your discretion in taking my youthfulness into consideration. I understand the circumstances at this time, but I feel this opportunity that's presented to me is a blessing, and I'm just trying to do what I can so I can get out of here a lot sooner and better so I can pay my debt to society on a bigger platform, other than continuing the length of the sentence I currently have.
>
> And I understand the seriousness of my crime. I'm definitely apologetic and remorseful for what I've done, but I feel my presence in society a little earlier, then, when I do get out, no matter what, I would definitely be able to pay society my debt, other than sitting where I am at right now, currently.
>
> I'm definitely involved with different groups, like Washington Prisons Urban League and other people that's out in society right now. Understand, Your Honor, that I am definitely a different individual, and I have been able to grow into a better individual than what I was when I was a kid, young, and let alone what I would have been if I were to continue to have been out there in that toxic environment that I come from.

> And that's all I really have to say, Your Honor. And just let the record show that I'm definitely asking for my youthfulness to be a consideration.
>
> THE COURT: Okay. For the purposes of this resentencing, I'm going to make the adjustment the defense has recommended, 229 months plus 60, for a total of 289.
>
> The other issue is something that you have the ability to address in a different format than what we are doing today, Mr. Ellis.

RP at 7-9.  Nothing substantive followed this exchange, and Ellis's resentencing hearing concluded moments after the judge imposed the 289-month sentence.

Ellis appealed, arguing that the court misunderstood its authority when it failed to treat the resentencing hearing as a de novo sentencing hearing, and that the court erred when it refused to meaningfully consider the relevance of Ellis's youth in sentencing. Ellis also argued his restitution violated the excessive fines clause.  The Court of Appeals affirmed, reasoning that "any error relating to the trial court's suggestion that it did not have discretion to consider Ellis's youth was harmless because the court imposed the sentence that Ellis requested." *State v. Ellis*, 27 Wn. App. 2d 1, 5, 530 P.3d 1048 (2023). It also ruled his restitution was not punitive.  We granted review and now reverse in part.

ANALYSIS

(1)  Resentencing

The change in Ellis's offender score lowered his sentencing range, which meant he was entitled to a full resentencing hearing.  "Where an error in a defendant's offender score affects the applicable sentencing range, resentencing is

5

required." *State v. Kilgore*, 167 Wn.2d 28, 41, 216 P.3d 393 (2009). Until a trial court exercises its independent discretion in imposing a new judgment and sentence, there is no sentence. *See State v. McWhorter*, 2 Wn.3d 324, 327-28, 535 P.3d 880 (2023) (quoting *State v. Waller*, 197 Wn.2d 218, 228, 481 P.3d 515 (2021); *Kilgore*, 167 Wn.2d at 36 n.5). "Though a trial court's discretion to resentence can be limited by an appellate court's mandate, where no such limitation exists, the trial court has the authority to consider issues and evidence that were not the subject of earlier proceedings." *State v. Vasquez*, 4 Wn.3d 208, 215, 560 P.3d 853 (2024) (plurality opinion) (citing *Kilgore*, 167 Wn.2d at 42); *see also id.* at 216 ("In this case, there was no appellate court limitation, so the resentencing court's discretion was at its broadest."). The Sentencing Reform Act of 1981 directs courts to consider all relevant evidence and argument during sentencing and resentencing. *Id.* at 217 (quoting RCW 9.94A.500(1), .530(2)).

Where, as here, a sentencing judge has discretion, we review that decision for abuse of discretion. *State v. Blair*, 191 Wn.2d 155, 159, 421 P.3d 937 (2018). When a defendant is 18 years old at the time of the crime, a sentencing judge abuses their discretion when they fail to consider youthfulness when requested. *See State v. O'Dell*, 183 Wn.2d 680, 697, 358 P.3d 359 (2015). In such cases, the judge must determine whether youthfulness diminished the defendant's culpability. *Id.*

6

Here, no appellate court limitation affected the scope of Ellis's resentencing so the resentencing court's discretion was at its broadest. As such, the resentencing court's failure to acknowledge that it had discretion to meaningfully evaluate Ellis's youthfulness at the resentencing hearing, and to do so when appropriate, amounted to an abuse of discretion.

This case raises some of the same issues we recently faced in *Vasquez*, 4 Wn.3d 208, and, to a lesser extent, *State v. Kelly*, 4 Wn.3d 170, 561 P.3d 246 (2024). In *Vasquez*, we reversed a "limited" resentencing hearing because the trial court failed to consider the relative youth of a person who committed a crime at 23 years old. *Vasquez*, 4 Wn.3d at 211, 217-19. Like *Vasquez* (and unlike *Kelly*) this case comes as an appeal from resentencing, and not a collateral attack. Ellis was resentenced on his motion in the trial court in light of *Blake*. As in *Vasquez*, the sentencing judge had discretion to sentence within the new range or to depart from it downward based on Ellis's youthfulness. *See id*. at 215. And, also like in *Vasquez*, the trial court declined to hear argument about youthfulness on resentencing. *Compare id*. at 211, *with* RP at 5-6, 9.[1]

---

[1] The dissent contends "[i]t is logical to conclude that the sentencing judge accepted Ellis's request to consider his youthfulness." Dissent at 3 (Johnson, J.). The dissent's conclusion that the judge did in fact consider Ellis's youth is contradicted by what the judge actually said. The judge told Ellis that consideration of his youth was "a different issue" and that Ellis should "address [it] in a different format." RP at 5-6, 9.

Ellis did not receive the full resentencing that he was entitled to when his offender score and sentencing range changed. The sentencing court was asked to take Ellis's youthfulness into account in resentencing Ellis based on his new offender score, and so the judge had the discretion to consider youth as a mitigating factor in favor of an exceptional sentence below the standard range, consider youth as a mitigating factor in favor of a lower end sentence within the standard range (i.e., as low as 214 months), or do neither.

While the trial court had considerable discretion, it also had a legal obligation to consider relevant sentencing facts, such as Ellis's youth at the time of the crime. "Discretion is abused if it is exercised on untenable grounds or for untenable reasons." *State v. Vy Thang*, 145 Wn.2d 630, 642, 41 P.3d 1159 (2002). Sentencing a defendant without considering the mitigating qualities of youth is an abuse of discretion.

The State contends the error is harmless because the standard range sentence adopted was the sentence recommended by Ellis's defense counsel. We disagree. Defense counsel's failure to appreciate that the scope of the resentencing hearing went beyond *Blake* relief does not render the sentencing judge's error harmless.[2] *See, e.g.*, *Vasquez,* 4 Wn.3d at 217-18.

---

[2] Ellis has not raised a claim of ineffective assistance of counsel. We pause to note that defense counsel should always consult with their clients and collaboratively prepare for resentencing hearings, especially if the mitigating qualities of youth support a lower sentence. Nonetheless,

The State also contends that the resentencing court did not refuse to consider Ellis's youth. Instead, the State contends, the resentencing court was concerned that Ellis was not prepared to argue his youthfulness at the time of the crime justified a reduced sentence. Our own review of the record persuades us otherwise. We agree with the State that Ellis bore the burden of justifying a downward departure from the standard range. But Ellis's explicit request that his youthfulness be considered was sufficient to trigger the resentencing court's obligation to consider Ellis's youthfulness in favor of a lower-end standard range sentence or an exceptional sentence.

To the extent that the State suggests that Ellis's failure to file "a mitigation package" or summon "any witness in support of an exceptional sentence" means that Ellis was not prepared to prompt the court's discretion to impose an exceptional sentence, it misunderstands the burden placed on individuals like Ellis. Answer to Pet. for Rev. at 10. While witnesses and the information presented in a mitigation package can help to guide a judge's discretion, sophisticated evidence is not required by our case law. *See O'Dell*, 183 Wn.2d at 697 ("Finally, we note that despite the scientific and technical nature of the studies underlying the

---

"[d]efense counsel may have strategic and tactical reasons not to disclose certain information about a defendant's life in open court." *State v. Harris*, 4 Wn.3d 108, 132, 559 P.3d 499 (2024) (Yu, J., concurring).

*Roper*,[3] *Graham*,[4] and *Miller*[5] decisions, a defendant need not present expert testimony to establish that youth diminished his capacities for purposes of sentencing. . . . [L]ay testimony may be sufficient.").

The State is correct that age alone is not a basis for an exceptional sentence, *In re Pers. Restraint of Light-Roth*, 191 Wn.2d 328, 335, 422 P.3d 444 (2018); that a defendant bears the burden of proving mitigating circumstances, *State v. Gregg*, 196 Wn.2d 473, 486, 474 P.3d 539 (2020); and that a departure from a standard sentencing range based on youthfulness requires proof that one's crimes reflected the immaturity, impulsivity, or other mitigating quality of youth. *State v. Anderson*, 200 Wn.2d 266, 291, 516 P.3d 1213 (2022). While Ellis is not required to present a mitigation package or summon witnesses at his new resentencing hearing, Ellis bears the burden of explaining how his youthfulness mitigated his culpability.

Sentencing courts must meaningfully exercise their discretion to consider a defendant's youth. *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005) ("The failure to consider an exceptional sentence is reversible error."); *O'Dell*, 183 Wn.2d at 697 (citing *Grayson*, 154 Wn.2d at 342); *State v. McFarland*, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017) ("When a trial court is called on to make a

---

[3] *Roper v. Simmons*, 543 U.S. 551, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005).
[4] *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010).
[5] *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).

discretionary sentencing decision, the court must meaningfully consider the request in accordance with the applicable law." (citing *Grayson*, 154 Wn.2d at 342)).  As the sentencing court here declined to do so, we reverse.

While the trial court was not required to lower Ellis's sentence due to the mitigating qualities of youth, the trial court was required to meaningfully contend with its discretion to do so.  The trial court's statements about alternative legal mechanisms for such relief indicate a failure to contend with its own discretion.  The resentencing court's failure to meaningfully consider how Ellis's youthfulness mitigated his criminal culpability as a young offender deprived Ellis of the benefit of this court's precedent.

(2)  <u>Restitution</u>

Ellis also seeks relief from his restitution obligation and argues that the amount imposed on him violates his constitutional protection against being subject to excessive fines.

The Washington Constitution guarantees that "[e]xcessive bail shall not be required, excessive fines imposed, nor cruel punishment inflicted."  WASH. CONST. art. I, § 14.  The federal constitution guarantees that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. CONST. amend. VIII; *see also City of Seattle v. Long*, 198 Wn.2d 136, 158, 493 P.3d 94 (2021).  In some circumstances, article I, section 14 is more

11

protective than the Eighth Amendment.  *See Long*, 198 Wn.2d at 158-59 (quoting

*State v. Roberts*, 142 Wn.2d 471, 506, 14 P.3d 713 (2000), and citing *State v.*

*Manussier*, 129 Wn.2d 652, 674, 921 P.2d 473 (1996)); *see also In re Pers.*

*Restraint of Williams*, 198 Wn.2d 342, 370, 496 P.3d 289 (2021).

To determine whether the state constitution's protections are broader than

the United States Constitution, we typically conduct a *Gunwall* analysis.  *See State*

*v. Gunwall*, 106 Wn.2d 54, 58, 720 P.2d 808 (1986).  However, a *Gunwall* analysis

is not always necessary.  *See State v. Mayfield*, 192 Wn.2d 871, 878, 434 P.3d 58

(2019).  But the failure to conduct a *Gunwall* analysis often deprives us of

sufficient history and analysis to determine whether our state constitutional

protections are different from those afforded by the United States Constitution.

In *Long*, one of our leading excessive fines cases, we did not address

whether "the excessive fines prohibition under our state constitution should be

evaluated differently from the parallel provision in the United States Constitution"

because the parties "failed to provide an analysis under *State v. Gunwall*."  *Long*,

198 Wn.2d at 159 (citing *Gunwall*, 106 Wn.2d 54).  We recently explained "that a

*Gunwall* analysis is not always necessary; rather, it is intended to be relied on as a

focusing tool and not as a keyhole to reach an independent state law constitutional

issue."  *State v. Evans*, 5 Wn.3d 199, 208, 572 P.3d 1172 (2025).

While like *Mayfield*, *Evans* is an article I, section 7 case, the language quoted above suggests that we are free to wade into the waters of independent state protections regardless of whether parties briefed *Gunwall*. After all, "[w]e have 'a duty, where feasible, to resolve constitutional questions first under the provisions of our own state constitution before turning to federal law.'" *State v. Gregory*, 192 Wn.2d 1, 14, 427 P.3d 621 (2018) (plurality opinion) (internal quotation marks omitted) (quoting *Collier v. City of Tacoma*, 121 Wn.2d 737, 745, 854 P.2d 1046 (1993)).

Here, Ellis does not provide us with a *Gunwall* analysis. Amici have conducted a robust analysis of the *Gunwall* factors. *See* Br. of Amici Curiae King County Dep't of Pub. Def., Ctr. for C.R. & Critical Just., ACLU of Wash. & Wash. Def. Ass'n at 12-27. Amici ultimately conclude that "[t]he *Gunwall* factors support this Court's independent interpretation of our State constitutional prohibition on excessive fines under article I, section 14." *Id.* at 27.

We are constrained by precedent until such precedent is held to be wrong and harmful or its basis is eroded. *Rose v. Anderson Hay & Grain Co.*, 184 Wn.2d 268, 282, 358 P.3d 1139 (2015); *see also State v. Blake*, 197 Wn.2d 170, 203, 481 P.3d 521 (2021) (Stephens, J., concurring in part, dissenting in part) (conducting a robust analysis of incorrect and harmful precedent); *State v. Pierce*, 195 Wn.2d 230, 241, 455 P.3d 647 (2020) (plurality opinion). We generally refrain from

addressing arguments raised only by amici. *See Long v. Odell*, 60 Wn.2d 151, 154,

372 P.2d 548 (1962) (declining to address unconstitutionality arguments not raised

by the parties); *Citizens for Responsible Wildlife Mgmt. v. State*, 149 Wn.2d 622,

631, 71 P.3d 644 (2003) ("we will not address arguments raised only by amicus");

*State v. Clarke*, 156 Wn.2d 880, 894, 134 P.3d 188 (2006) ("this court does not

consider arguments raised first and only by an amicus" (citing *Mains Farm

Homeowners Ass'n v. Worthington*, 121 Wn.2d 810, 827, 854 P.2d 1072 (1993))).

As such, we limit our analysis of Ellis's excessive fines claim to a coextensive

application of article I, section 14 and the Eighth Amendment. *Long*, 198 Wn.2d

at 159 ("Absent support for an independent analysis, we view article I, section 14

and the Eighth Amendment as coextensive for the purposes of excessive fines.").

Ellis argues that imposition of $7,097.32 in restitution and the interest on his

restitution debt violate the excessive fines clause. Ellis has explained that he is

indigent and unable to pay restitution, as he remains incarcerated and has minimal

education and limited work experience. "The excessive fines clause 'limits the

government's power to extract payments, whether in cash or in kind, "as

punishment for some offense."'" *Id.* (quoting *Austin v. United States*, 509 U.S.

602, 609-10, 113 S. Ct. 2801, 125 L. Ed. 2d 488 (1993) (quoting *Browning-Ferris

Indus. of Vt. v. Kelco Disposal, Inc.*, 492 U.S. 257, 265, 109 S. Ct. 2909, 106 L.

Ed. 2d 219 (1989))). As such, fines, fees, and other financial forfeitures or

penalties imposed on defendants are subject to the excessive fines clause "if they

are at least partially punitive." *Id.* at 161 (citing *Austin*, 509 U.S. at 609-10).  The

first step in an excessive fines inquiry is an assessment of whether the state action

is punitive and the second step assesses whether the fine is constitutionally

excessive.  *Id.* at 163 (citing *State v. Clark*, 124 Wn.2d 90, 102-03, 875 P.2d 613

(1994), *overruled in part on other grounds by State v. Catlett*, 133 Wn.2d 355, 945

P.2d 700 (1997)).

Here Ellis's claim does not overcome the first step of the analysis because

the amount Ellis was also ordered to pay in restitution to the CVC fund, $7,097.32,

jointly and severally, represents a portion of the funeral expenses of Ellis's victim.

The Court of Appeals concluded that "because the specific restitution ordered here

was solely compensatory, it was not punishment for purposes of the excessive fines

clause." *Ellis*, 27 Wn. App. 2d at 12.  We agree.

Restitution can be both punitive and compensatory.  *State v. Kinneman*, 155

Wn.2d 272, 280, 119 P.3d 350 (2005).  Restitution is compensatory when it does

not function as punishment but rather to solely recompense those who suffered

injury.  RCW 9.94A.753(3)(a) restricts restitution orders by requiring that the

amount "be based on easily ascertainable damages for injury to or loss of property,

actual expenses incurred for treatment for injury to persons, and lost wages

resulting from injury."  This basis for calculation is contrasted in the statute by

15

"damages for mental anguish, pain and suffering, or other intangible losses," which the restitution amount "shall not include reimbursement for." At the same time, RCW 9.94A.753(3)(a) contemplates punitive restitution orders as well, as it limits restitution by requiring that the amount "shall not exceed double the amount of the offender's gain or the victim's loss from the commission of the crime."

Here the restitution ordered in Ellis's case was solely compensatory, reimbursing the CVC for amounts paid to help cover the funeral costs of the victim of Ellis's crime. Because the amount ordered against Ellis was only the amount needed to compensate the CVC, the restitution ordered was not punitive. We leave for another day whether restitution is punitive in other circumstances and whether article I, section 14 demands a more protective excessive fines test when it comes to evaluating the constitutionality of restitution orders.

CONCLUSION

We hold that Ellis's resentencing court abused its discretion by failing to meaningfully contend with its own discretion to sentence Ellis to a lower sentence within the range or depart from the standard sentencing range in light of Ellis's youthfulness at the time of the crime. We further hold that the restitution imposed on Ellis is not excessive. We remand this case to the trial court for a resentencing hearing in which the judge is obligated to meaningfully contend with their discretion, as outlined by this court's precedent.

16

González, J.

WE CONCUR:

_____

_____

Montoya-Lewis, J.

Whitener, J.

Gordon McCloud, J.

Mungia, J.

No. 102378-2

JOHNSON, J. (dissenting)—Our adult sentencing cases establish two crucial principles relevant to this case: (1) the defendant has the burden to present mitigating facts for the judge's consideration and (2) youth alone is not a sufficient mitigating factor to support a lower sentence. *State v. Gregg*, 196 Wn.2d 473, 478-79, 474 P.3d 539 (2020) (citing *State v. Ramos*, 187 Wn.2d 420, 445, 387 P.3d 650 (2017); *In re Pers. Restraint of Light-Roth*, 191 Wn.2d 328, 330, 422 P.3d 444 (2018)).

The majority recognizes yet ignores these rules. Majority at 9-10. Critical to this case is the fact that Ellis was an adult when he committed the crime. In *State v. Houston-Sconiers*, this court held that sentencing judges must consider the mitigating qualities of youth when sentencing juvenile offenders. 188 Wn.2d 1, 18, 391 P.3d 409 (2017). But Ellis was not a juvenile offender.

In *In re Pers. Restraint of Monschke*, we held that sentencing courts must *have the discretion* to take mitigating qualities of youth into consideration for 18- to 20-year-old defendants convicted of aggravated murder. 197 Wn.2d 305, 326, 482 P.3d 276 (2021) (plurality opinion). Here, the judge had the discretion to take Ellis's youth into consideration, but there were no such mitigating qualities

provided. Neither Ellis nor his counsel argued that the crime reflected "transient immaturity" supporting a lower sentence. *Ramos*, 187 Wn.2d at 434. The majority correctly states, "While Ellis is not required to present a mitigation package or summon witnesses at his new resentencing hearing, Ellis bears the burden of explaining how his youthfulness mitigated his culpability." Majority at 10. Neither Ellis nor his attorney met that burden here.

The majority further states, "While the trial court was not required to lower Ellis's sentence due to the mitigating qualities of youth, the trial court was required to meaningfully contend with its discretion to do so. The trial court's statements about alternative legal mechanisms for relief indicate a failure to contend with its own discretion." Majority at 11. I disagree with this characterization of the resentencing hearing. A sentencing court is not required to meaningfully contend with arguments and evidence that are not presented to it. *See Gregg*, 196 Wn.2d at 482. And there is no evidence that the sentencing judge did not understand their discretion to consider Ellis's youthfulness. Ellis simply presented no crime mitigating facts for the judge to consider.

Ellis must provide some evidence of his "particular vulnerabilities—for example, impulsivity, poor judgment, and susceptibility to outside influences" for the trial court to consider. *State v. O'Dell*, 183 Wn.2d 680, 691, 358 P.3d 359

(2015). Ellis did not present any evidence to show how his youth mitigated his culpability. He asked the judge to consider his youthfulness, and the judge granted the sentence defense counsel requested. It is logical to conclude that the sentencing judge accepted Ellis's request to consider his youthfulness when the judge refused to impose the 300-month sentence that the State requested. However, because Ellis presented no argument explaining how his youth mitigated his culpability, the judge was not required to consider Ellis's youth.

Courts have the same discretion in a resentencing hearing to consider the mitigating qualities of youth as the original sentencing judge. *State v. Vasquez*, 4 Wn.3d 208, 219, 560 P.3d 853 (2024) (plurality opinion). The important aspect of this process is that parties are allowed to present their arguments, and the judge exercises this discretion. The trial court did not abuse its discretion in this case because the judge did not prevent arguments or refuse evidence from either party regarding the defendant's youth. The court heard Ellis's plea to take his youth into consideration. The court then imposed the sentence defense counsel requested.

The record here indicates that Ellis was not denied the opportunity to present evidence to the court regarding his youthfulness. He was allowed to argue and present his case, the judge gave no indication that he felt bound by the original sentencing judge's decision or that discretion was limited, and the court permitted

Ellis to put on evidence and argue on the record that he felt his youthfulness should be taken into consideration. The judge heard arguments offered by the State, defense counsel, and Ellis and reduced the sentence as requested by Ellis, denying the State's argument to impose the original 300-month sentence, which was still within the adjusted standard sentencing range.

Because youth is not a per se mitigating factor, Ellis presented no argument or evidence explaining how his youth mitigated his culpability, and, in any case, Ellis received the sentence he requested, I would affirm the Court of Appeals.

_____
Johnson, J.

_____
Stephens, C.J.

_____
Madsen, J.

4

No. 102378-2

YU, J. (dissenting) — I agree with the majority that a full resentencing hearing can include consideration of a defendant's youthfulness; it is not a collateral matter that must be raised in a personal restraint petition. Majority at 7. I also agree that any mitigating evidence need not be sophisticated, scientific, or technical. Majority at 9, 10. However, I cannot join the majority in concluding that the trial court abused its discretion in this case under these facts, given that Ellis was represented by counsel and he received the precise sentence requested.

As Justice Johnson's dissent correctly observes, Ellis' counsel asked for a specific sentence, which the trial court imposed. Dissent at 3. Ellis asked the trial court to consider his youthfulness, his remorse, and his efforts made while incarcerated, but he did not request a lower sentence or present evidence that his youth mitigated his culpability. Dissent at 3-4; Verbatim Rep. of Proc. at 8-9. We do not know what other evidence or issues might have arisen had the sentencing

1

court inquired into Ellis' youthfulness sua sponte, and the court did not err in failing to do so, because such an inquiry creates a risk of improperly undermining defense counsel, who is presumed competent. *See State v. Harris*, 4 Wn.3d 108, 129, 131-32, 559 P.3d 499 (2024) (Yu, J., concurring). We should take great care in respecting decisions made by defense counsel due to the risk of introducing facts that may harm the client's interest.

I agree with the majority that "defense counsel should always consult with their clients." Majority at 8 n.2. However, there is <u>no</u> indication in the record that Ellis' defense counsel failed to do so, and Ellis does not assert that his counsel was ineffective. Appellate courts should not assume facts not in evidence to justify a desired result. Because the resentencing court imposed precisely the sentence Ellis requested through counsel, there is no procedural error that requires reversal. For these reasons, I respectfully dissent.

Yu, J.