[No. 10877–1–II.   Division Two.   July 13, 1989.]

THE STATE OF WASHINGTON, *Appellant,* v. KAYDON CARL JONES, *Respondent.*

*Arthur D. Curtis, Prosecuting Attorney,* and *Richard A. Melnick, Deputy,* for appellant.

*Steven W. Thayer,* for respondent (appointed counsel for appeal).

REED, J.—The State appeals an order suppressing the fruits of a search and a seizure, and an ensuing order dismissing controlled substance charges against the defendant, claiming that information regarding the reliability of the State's informant was not recklessly omitted from the affidavit in support of the search warrant. We affirm.

Kaydon Jones was arrested in a raid by members of the Clark County Sheriff's Special Investigations Unit (SIU) on a "crank" house. Janis Bass, a citizen informant, provided Deputy Manchester, the affiant in support of the search warrant, with probable cause to search the house. Bass also had provided the SIU with information in a prior case, State v. Conley. Before Manchester submitted the affidavit in the present case, however, Bass filed an affidavit recanting all of the information she had supplied in the Conley case. Deputy Manchester and his supervisor, Sergeant Lippert, were present at both the Conley search and the Jones search; both men knew about Bass's recantation in the Conley case before Manchester requested the warrant in this instance. At the suppression hearing the State argued that her recantation was the result of duress; however, if

that be the case, Manchester did not know of it as he had not made any inquiry into the matter.

Nevertheless, Manchester's affidavit in support of the warrant in this case failed to make any reference to Bass's prior recantation. The only adverse information supplied in Manchester's affidavit was the fact that Bass had used a false name at the time of her previous arrest. The court found that Manchester failed to supply the magistrate with vital and material information regarding the prior recantation, which "was necessary for the Magistrate here to be able to render a neutral, detached judgment in determining credibility, reliability and reasonableness of using Janis Bass in the instant case."

The trial court concluded that the search warrant was fatally defective by virtue of material omissions, and accordingly suppressed all evidence seized as fruits of the invalid search warrant and unlawful arrest. The charges against Jones were dismissed. The State contends on appeal that the trial court erred in suppressing the evidence both because Deputy Manchester did not *recklessly* omit the information regarding Bass's recantation and because the trial court did not so find. We disagree.

■■ Misstatements or omissions of fact in affidavits supporting search warrants may affect a warrant's validity if they were (1) material, and (2) made deliberately or with reckless disregard for the truth. *State v. Seagull,* 95 Wn.2d 898, 907–08, 632 P.2d 44 (1981); *State v. O'Connor,* 39 Wn. App. 113, 116–17, 692 P.2d 208 (1984), *review denied,* 103 Wn.2d 1022 (1985); *State v. Sweet,* 23 Wn. App. 97, 100–01, 596 P.2d 1080 (adopting *Franks v. Delaware,* 438 U.S. 154, 155–56, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978)), *review denied,* 92 Wn.2d 1026 (1979). Material facts deliberately or recklessly omitted from an affidavit must be added to the information contained therein. If the affidavit as supplemented then fails to support a finding of probable cause, the warrant is void and the evidence excluded. *State v. Cord,* 103 Wn.2d 361, 367, 693 P.2d 81 (1985).

■ Washington has adhered to the 2–pronged *Aguilar–Spinelli* test for determining whether probable cause exists to authorize a search warrant when an informant has provided information. *State v. Jackson,* 102 Wn.2d 432, 688 P.2d 136 (1984). To establish probable cause, an affidavit utilizing an informant's tip must set forth sufficient underlying circumstances (1) that show the manner in which the informant acquired her information and drew her conclusion, *and* (2) from which the officer concluded that the informant was credible or her information reliable. *Jackson,* 102 Wn.2d at 435. The second part of the test, the "veracity" prong, is the element with which we are here concerned.

The State first claims that the information is not material to a finding of probable cause. This claim is without merit. Essentially, the State disputes the trial court's findings of fact. Yet, as the findings are unchallenged, we will treat them as verities on appeal. RAP 10.3(g); *State v. Christian,* 95 Wn.2d 655, 656, 628 P.2d 806 (1981). Regardless, we would not disturb the trial court's finding that the omitted information regarding Bass was material. Indeed, any magistrate called upon to issue a warrant should know that Bass had recanted all the information she had given officers in the Conley case.

■ The State's second contention is that the information was not omitted recklessly. "'Reckless' disregard for the truth" may be shown where the affiant "in fact entertained serious doubts as to the truth" of the information in the absence of the omitted facts. *See State v. O'Connor,* 39 Wn. App. at 117 (quoting *United States v. Davis,* 617 F.2d 677, 694 (D.C. Cir. 1979), *cert. denied,* 445 U.S. 967 (1980)). "[S]uch serious doubts can be shown by (1) actual deliberation on the part of the affiant, or (2) the existence of obvious reasons to doubt the veracity of the informant or the accuracy of his reports." *State v. O'Connor,* 39 Wn. App. at 117. Further, we may infer the fact of recklessness from the omission itself "*When the facts omitted from the affidavit are clearly critical to a finding of probable cause . . .*"

(Italics ours.) *United States v. Martin,* 615 F.2d 318, 329 (5th Cir. 1980), *quoted in State v. Cord,* 103 Wn.2d at 372 (Williams, C.J., dissenting).

The trial court did not specifically find that Deputy Manchester *recklessly* omitted the recantation information. Indeed, the findings (prepared by trial defense counsel other than present counsel) leave much to be desired in the way of specificity. Nonetheless, the findings as a whole indicate—and we agree—that the omitted information was vital and necessary for the magistrate to render a neutral, detached judgment in determining Bass's credibility and reliability. Because an independent evaluation of her reliability was "critical to a finding of probable cause", *United States v. Martin, supra,* we must infer from the omission itself that Manchester acted with reckless disregard for the truth.[1] Despite Manchester's own belief that the information was not important, he should have entertained serious doubts about the truthfulness of not disclosing the information to the magistrate; at the very least, Manchester should have inquired into the reasons for her retraction. The importance of the information on Bass's reliability establishes recklessness and clearly justifies voiding the warrant and suppressing the evidence. *Wong Sun v. United States,* 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963); *State v. Williams,* 102 Wn.2d 733, 689 P.2d 1065 (1984); *State v. White,* 97 Wn.2d 92, 640 P.2d 1061 (1982).

Finally, the State claims that the trial court improperly declared that Janis Bass is forevermore unreliable and cannot be used as an informant in the future. To the extent the trial court denounced Bass as an inherently unreliable informant, we vitiate any such action. However, the trial court entered no order to that effect. The record reflects that the intent of the court was simply to ensure that any

---

[1]The record clearly reflects, however, that the suppression judge had the exact standard in mind when conducting the hearing. At one point he states: "I think that the standard generally looks to the affiant and his or her reckless disregard and failure in applying information; . . ."

officer attempting to use Bass as an informant in the future must inform the magistrate of her recantation in the Conley case. To this end, we agree with the actions of the trial court.

Affirmed.

ALEXANDER, C.J., and PETRICH, J., concur.