[No. 58481-8.   En Banc.   April 23, 1992.]

THE STATE OF WASHINGTON, *Petitioner,* v. ARLETTA
GARRISON, *Respondent.*

*C. Danny Clem, Prosecuting Attorney,* and *Pamela B. Loginsky, Deputy,* for petitioner.

*J. Scott Bougher,* for respondent.

PER CURIAM. — Defendant was charged with and convicted of 14 counts of theft arising from her accomplice

liability in the purchase of merchandise with checks written by her live-in boyfriend on an account which had no funds and which had been closed for about 7 months. The Court of Appeals reversed by an unpublished opinion. *State v. Garrison*, noted at 61 Wn. App. 1050 (1991). We reverse the Court of Appeals and reinstate the judgment and sentence.

The sole issue is the validity of the search warrant. The specific challenge is to an omission from the affidavit in support of the warrant of one small part of information possessed by the affiant. The trial court denied defendant's motion to suppress the evidence seized, which was much of the merchandise purchased with the worthless checks.

The facts may be briefly stated. Over a period of a month, defendant, her mother, and the check-writing boyfriend, Nichols, obtained about $10,000 worth of merchandise by passing more than 100 checks. They obtained various personal items such as women's and children's clothing, children's toys, children's bicycles, household furnishings, rings, and liquor. Many of the items were Christmas gifts for defendant's children.

A Port Orchard police detective began investigation when the bad checks surfaced. He confirmed the status of the closed, no-funds account, obtained the various returned checks, and acquired descriptions of the merchandise, defendant, her mother, and the check-writing boyfriend, Nichols.

Nichols contacted the police and admitted to the criminal activity, implicating defendant and her mother. The detective's subsequent investigation confirmed Nichols' statements. A few days later Nichols voluntarily returned and gave a 45-minute taped interview with Detective Jensen, who prepared the warrant affidavit. Nichols no longer lived with defendant, her children, and her mother. Nichols had helped them move to a mobile home, the site of the search as authorized by the warrant. The subject merchandise had been moved to that location. After this interview Detective Jensen drove by the identified mobile home, and observed children and new children's bicycles there.

Detective Jensen submitted a 37-page affidavit detailing each transaction with a specific description of the merchandise obtained. He listed 89 specific items of merchandise and their source. He expressed the belief that, because of the personal nature of much of the merchandise, *e.g.*, women's and children's clothes, and the fact that much of it was Christmas gifts to the children, it would be located at the mobile home residence of defendant, her children, and her mother.

Defendant contends that Detective Jensen "recklessly omitted [from his affidavit] the informant's [Nichols] statement that the contraband had been moved from the residence to be searched to another, unknown location." Brief of Appellant, at 26. The only support for a claim of "reckless" omission is a transcript, prepared by defendant, of five questions and answers from the taped interview with Nichols. The transcription is set forth in the appendix.

▮ Defendant's challenge falls far short of what is required. The seminal case is *Franks v. Delaware*, 438 U.S. 154, 155-56, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978). The Court held that where

> defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

*Franks*, at 155-56.

The *Franks* test for material misrepresentations applies to allegations of material *omissions. State v. Cord*, 103 Wn.2d 361, 367, 693 P.2d 81 (1985).

The *Franks* opinion is clear that there must be allegations of deliberate falsehood [or deliberate omission] or of a reckless disregard of the truth. Allegations must be accompanied by an offer of proof. Also, "[a]llegations of negligence or innocent mistake are insufficient." *Franks*, at 171; *State v. Seagull*, 95 Wn.2d 898, 908, 632 P.2d 44 (1981).

If these requirements are not met the inquiry ends. If these requirements are met, and the false representation or omitted material is relevant to establishment of probable cause, the affidavit must be examined. If relevant false representations are the basis of attack, they are set aside. If it is a matter of deliberate or reckless omission, those omitted matters are considered as part of the affidavit. If the affidavit with the matter deleted or inserted, as appropriate, remains sufficient to support a finding of probable cause, the suppression motion fails and no hearing is required. However, if the altered content is insufficient, defendant is entitled to an evidentiary hearing. *Franks*, at 171-72; *State v. Cord, supra.*

Defendant's motion to suppress is not part of the record. We have only the transcript of the five questions and answers and defendant's assertion that omission of this information was a reckless omission. The rest of the 45-minute interview is not in the record.

To prove reckless disregard of the truth, as is defendant's burden, defendant relies solely on *State v. Jones,* 55 Wn. App. 343, 777 P.2d 1053 (1989) which seems to hold that an inference of reckless disregard *must* be made from the omission of facts "clearly critical to a finding of probable cause". The Court of Appeals relied on *State v. Jones, supra,* and dicta in *United States v. Martin,* 615 F.2d 318, 329 (5th Cir. 1980).

Relying on such an inference to establish reckless disregard is not proper. The court in *United States v. Colkley,* 899 F.2d 297, 301 (4th Cir. 1990) cogently recognized the error in such reliance: "[S]uch an inference collapses into a single inquiry the two elements — 'intentionality' and 'materiality' — which *Franks* states are independently necessary."

Defendant failed to prove anything about reckless disregard for the truth by the omission, except the content of the omission. That is insufficient. In any event, even if the omitted material were contained in the affidavit, it would

not defeat the establishment of probable cause. All it suggests is that if defendant and her mother had found another place to live then the informant "guessed" they would have moved the items with them. It is clear that the informant did not know whether they had moved. The affidavit sets forth sufficient statements of the detective's investigation, subsequent to the recording, leading him to believe defendant still lived at the mobile home. Given a reasonable belief that defendant still lived at the mobile home, the omitted material *supports* the belief that these personal items would still be there. Judge Hanley, in denying the motion, accurately observed:

> The types of materials sought were, as the State argues, the type normally to be used by or in the proximity to defendant and her family. It seems at least as logical for the officer seeking the search warrant to believe that they would be so found rather than rely upon the "belief" of the informant. There is no sufficient showing that the omission was made intentionally or with reckless disregard for the truth.

Clerk's Papers, at 55.

One additional observation is necessary. The Court of Appeals stated that the omitted statement vitiated the search warrant because it "tends to negate probable cause". That is not the proper inquiry. The challenged information must be *necessary* to the finding of probable cause. *Franks v. Delaware*, 438 U.S. 154, 156, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978). The Court of Appeals' statement confuses materiality or relevance as it relates to establishment of bad motive with the separate inquiry whether the information is *necessary* to the probable cause determination. *See United States v. Reivich*, 793 F.2d 957 (8th Cir. 1986). A court finding "materiality" in the sense that an omission may be said to rise to the requisite level of misrepresentation under *Franks*

> may think it has made the second *Franks* finding and may invalidate a warrant after concluding only that the additional information *might* have affected the probable cause determination and not that the supplemented warrant *could not* have supported the existence of probable cause.

*Reivich,* at 962. *See Colkley,* at 301 ("[o]mitted information that is potentially relevant but not dispositive is not enough to warrant a *Franks* hearing").

The Court of Appeals is reversed; the judgment and sentence are affirmed.

### APPENDIX

### GARRISON REPORT

DATE:    February 10, 1988
TIME:    12:45 p.m.
FROM:    Detective Jensen/Ted Nichols

Jensen: Okay. Moving on, here is one from, here is several from Quick Pack, one written on January 22, 1988 for $28.31, one written on January 20th for $18.02, one written on January 19th for $27.30 and another on on January 19th for $25.75 . . .

Nichols: Okay that is when we were living next to the store down a couple streets from the Quick Pack.

Jensen: Is that the place you mentioned about Ron Gunderson moving out of and you guys moving into a trailer?

Nichols: Yeh, because that where Amy and Gary is going to be living in that trailer till Olia and Arletta find a place to live.

Jensen: Oh, okay, so Amy and Gary live in that trailer and Arletta and Olia also do but are going to be moving out.

Nichols: Yeh, till they find a house to live.

Jensen: Do you know if they found one?

Nichols: I don't know if they did because last time when I told them my aunt wanted to turn myself in and I told her yes I will and my cousin took me down to their place to get my clothes and my things. They took mostly all the stuff, all the stuff they bought and I guess they moved it out, sent it to another house I guess and most of the stuff is gone.

Jensen: Where do you think it is?

Nichols: I don't know. They didn't mention where they were going to move to. Because mostly every night Olia Gunderson been looking in the ads for houses to rent, you know.