[No. 60331-6.   En Banc.   June 9, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT LEROY CLARK, *Petitioner*.

THE STATE OF WASHINGTON, *Respondent*, v. LINDA LEE CLARK, *Petitioner*.

CLALLAM COUNTY, *Respondent*, v. REAL PROPERTY KNOWN AS 183-D HOLGERSON ROAD, ET AL, *Petitioners*.

*Steinborn & Associates,* by *Jeffrey Steinborn* and *Reba Weiss,* for petitioners.

*David H. Bruneau, Prosecuting Attorney,* and *Robert W. Strohmeyer, Deputy,* for respondent.

*David B. Smith* on behalf of National Association of Criminal Defense Lawyers and *Richard J. Troberman* on behalf of Washington Association of Criminal Defense Lawyers, amici curiae for petitioners.

*Norm Maleng, Prosecuting Attorney for King County, Barbara A. Mack, Senior Deputy,* and *Patrick Sainsbury, Chief Deputy,* on behalf of Washington Association of Prosecuting Attorneys and the Attorney General, amici curiae for respondent.

UTTER, J. — Petitioners Robert Leroy Clark and Linda Lee Clark seek to reverse a Court of Appeals decision affirming both the civil forfeitures of their home and motorhome and the criminal convictions against them personally. Their petition for review raised the following questions: (1) Do the civil forfeitures of their home and/or motorhome, combined with criminal convictions against them, violate the state or federal prohibitions against the imposition of double jeopardy?; (2) Does the forfeiture of either their home or motorhome violate the state or federal constitutional prohibitions against excessive fines?; (3) Does the civil forfeiture statute pursuant to which the Clarks forfeited their home and motorhome violate the state constitutional or statutory protections of homesteads?; and (4) Did the Court of Appeals err in affirming the trial court's denial of a motion to suppress evidence?

We affirm.

In 1979 or 1980, Robert and Linda Clark purchased property in Sequim and began building a house on it. During the early 1980's, a neighbor of the Clarks, Robert Swanton, helped the Clarks grow marijuana in their garage. Around 1983, the relationship between Swanton and the Clarks deteriorated, and the Clarks began informing a Clallam County deputy of Swanton's alleged illegal activities.

In September 1989, Swanton contacted a deputy of the Clallam County Sheriffs Department about a marijuana operation in his neighborhood. The deputy referred Swanton to an officer with the Clallam County Drug Task Force. The officer spoke with Swanton and learned of the Clarks' marijuana operation. Based on affidavits and live testimony by Swanton and the officer, Judge Gary Velie issued a warrant to search the Clarks' property.

The search revealed approximately 100 marijuana plants and a scale in the Clarks' garage and main residence. Findings of Fact, at 2; Clerk's Papers (Clallam County v. Real Property Known as 183-D Holgerson Road), at 7. In the Clarks' motorhome, the police found a book on growing marijuana, a manual for a set of scales, and hollow beverage cans in which illegal drugs could be secreted. Findings of Fact, at 2; Clerk's Papers (Clallam County v. Real Property known as 183-D Holgerson Road), at 7. Based on this evidence, Robert Clark was charged, under RCW 69.50.401(a) and (d) respectively, with unlawful possession with intent to manufacture or deliver a controlled substance and with unlawful possession of a controlled substance. At the same time, Clallam County instituted a civil forfeiture action against the Clarks' home, motorhome, and van.[1] Linda

---

[1]Real property is forfeitable pursuant to RCW 69.50.505(a)(8) which reads:

"All real property . . . and any appurtenances or improvements which are being used with the knowledge of the owner for the manufacturing, compounding, processing, delivery, importing, or exporting of any controlled substance, or which have been acquired in whole or in part with proceeds traceable to an exchange or series of exchanges in violation of this chapter or chapter 69.41 or 69.52 RCW, if such activity is not less than a class C felony and a substantial nexus exists between the commercial production or sale of the controlled sub-

Clark was later charged under RCW 69.50.401(a) with unlawful possession with intent to manufacture or deliver a controlled substance.

The Clallam County Superior Court found Robert Clark guilty of both criminal charges against him and sentenced him to 8 months in jail and $5,170 in fines. J. and Sentence, at 3-4; Clerk's Papers (State v. Robert Clark), at 6-7. In a separate proceeding, the court found Linda Clark guilty of the criminal charge against her and sentenced her to 90 days in jail and $5,188.50 in fines. J. and Sentence, at 3-4; Clerk's Papers (State v. Linda Clark), at 6-7. Following a third trial, the court denied Clallam County civil forfeiture of the Clarks' van but permitted the forfeitures of their home and motorhome. The Court of Appeals consolidated the criminal and civil actions, Ruling dated March 26, 1991, and affirmed all three decisions. *State v. Clark*, 68 Wn. App. 592, 844 P.2d 1029 (1993). We granted the Clarks' petition for review. *State v. Clark,* 121 Wn.2d 1028 (1993).

## I

### DOUBLE JEOPARDY CLAIMS

The Clarks contend the combination of criminal punishment and civil forfeitures of their home and motorhome violates their respective state and federal constitutional rights against double jeopardy. We do not reach their state constitutional claim inasmuch as it was not properly raised.[2]

---

stance and the real property . . . [are subject to seizure and forfeiture and no property right exists in them]".

Conveyances are forfeitable under RCW 69.50.505(a)(4) which provides:

"All conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, in any manner to facilitate the sale, delivery, or receipt [of controlled substances] . . . [are subject to seizure and forfeiture and no property right exists in them]".

[2]Const. art. 1, § 9 states: "No person shall be . . . twice put in jeopardy for the same offense". In their petition for review to this court, the Clarks made only fleeting reference to this issue in an argument heading. Appellants' Pet. for Discretionary [sic] Review, at 16. In their supplemental brief, the Clarks again treated the topic in a cursory manner. The Clarks finally presented a proper state constitutional analysis in a reply brief submitted a week before oral argument. *State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808, 76 A.L.R.4th 517 (1986);

██ The double jeopardy clause of the federal constitution reads: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . .". U.S. Const. amend. 5. This provision is applicable to states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056 (1969). However, we do not find that the forfeiture of the Clarks' home and motorhome combined with criminal convictions against the Clarks personally offends the double jeopardy clause of the federal constitution.

## A

### Punishment

Determination of whether the federal double jeopardy clause proscribes any given state action begins with consideration of the meanings of two critical phrases of the federal double jeopardy clause: (1) "jeopardy of life or limb"; and (2) "same offense".[3]

---

Pet'r's Answer to Br. of Amicus Curiae, at 4-13. Their failure to engage a *Gunwall* analysis in a timely fashion precludes us from entertaining their state constitutional claim. *State v. Wethered*, 110 Wn.2d 466, 755 P.2d 797 (1988). To hold otherwise would encourage parties to save their *Gunwall* analyses for a reply brief and would lead to an unbalanced and incomplete development of the issues for review. *See* RAP 10.3(c) (reply brief should be limited to a response to the issues in the brief to which the reply brief is directed). For these reasons, we decline to review the Clarks' double jeopardy claim based on state constitutional grounds.

[3]In addition to these two fundamental inquiries on which the parties to this case focus, there exist a number of other significant inquiries associated with the federal double jeopardy clause which we decline to consider at this time because they were not raised. Those inquiries include the following: (1) were the two punishments specifically authorized by the Legislature?; *see United States v. One Single Family Residence Located at 18755 North Bay Road, Miami*, 13 F.3d 1493 (11th Cir. 1994); *Garrett v. United States*, 471 U.S. 773, 85 L. Ed. 2d 764, 105 S. Ct. 2407 (1985); *Missouri v. Hunter*, 459 U.S. 359, 368-69, 74 L. Ed. 2d 535, 103 S. Ct. 673, 679-80 (1983) (where a legislature specifically authorizes cumulative punishment, regardless of whether the same offense underlies both punishments, a prosecutor may seek cumulative punishment under such statutes in a single trial); and (2) were they part of a single, coordinated prosecution?; *see United States v. Millan*, 2 F.3d 17 (2d Cir. 1993) (because civil forfeiture action was part of single coordinated prosecution, criminal prosecution for underlying drug offenses was not barred by federal double jeopardy clause), *cert.denied sub nom. Bottone v. United States*, ___ U.S. ___, 127 L. Ed. 2d 215, 114 S. Ct. 922 (1994); *State v. 1979 Cadillac Deville*, 632 So. 2d 1221 (La. Ct. App. 1994).

■ Protection against "jeopardy of life or limb" protects defendants against multiple "punishments" for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969), *overruled on other grounds in Alabama v. Smith*, 490 U.S. 794, 104 L. Ed. 2d 865, 109 S. Ct. 2201 (1989); *see also State v. Laviollette*, 118 Wn.2d 670, 826 P.2d 684 (1992). Since it is uncontested the criminal convictions constitute "punishment", we examine the issue whether civil forfeiture of either or both the Clarks' home and motorhome pursuant to RCW 69.50.505(a) constitutes "punishment". For the reasons which follow, we conclude each of the forfeitures is "punishment" for purposes of federal double jeopardy analysis.

■ ■ The United States Supreme Court recently concluded a nearly identical federal civil forfeiture statute[4] imposes punishment. *Austin v. United States*, 509 U.S. 602, 125 L. Ed. 2d 488, 113 S. Ct. 2801 (1993). In addition to the virtual identity in the description of property subject to forfeiture, both the state provision and the federal analogue permit the state to forcibly forfeit private property without process by a mere showing of probable cause,[5] and both contain similar innocent owner exceptions.[6] Because of the near iden-

---

[4]21 U.S.C. § 881(a)(7) permits forfeiture of

"All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment . . .".

21 U.S.C. § 881(a)(4) permits forfeiture of

"All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances] . . .".

[5]21 U.S.C. § 881(b)(4) provides in relevant portion: "seizure without . . . process may be made when . . . the Attorney General has probable cause to believe that the property is subject to civil forfeiture under this subchapter".

RCW 69.50.505(b)(4) provides: "Seizure of personal property without process may be made if . . . [t]he board inspector or law enforcement officer has probable cause to believe that the property was used or is intended to be used in violation of this chapter".

[6]21 U.S.C. § 881(a)(7) provides: "no property shall be forfeited under this paragraph . . . by reason of any act or omission established by that owner to have committed or omitted without the knowledge or consent of that owner"; and 21

tity of the federal and state forfeiture statutes, in language and in effect, we interpret the two as having similar implications for purposes of federal double jeopardy analysis. *See Bellevue v. Cashier's Check for $51,000.00 & $1,130.00 in U.S. Currency,* 70 Wn. App. 697, 855 P.2d 330 (1993).

Several additional reasons compel our conclusion the forfeitures are punishment under the federal double jeopardy clause. The government claims civil forfeiture under RCW 69.50.505(a) is not punishment because the statute is remedial in nature. It asserts the civil forfeiture statute was designed to serve two remedial purposes: to compensate the government for its costs in prosecuting drug offenses and to deprive people of instrumentalities of crimes. It also notes that the state provision is more remedial than its federal counterpart. Finally, the government argues *Austin* is inapplicable since the *Austin* Court addressed the meaning of "punishment" within the context of the Eighth Amendment rather than the Fifth Amendment. We disagree with each of these assertions.

■ The fact a statute might provide the government with compensation for its costs in prosecuting drug offenses is not dispositive. Under *United States v. Halper,* 490 U.S. 435, 104 L. Ed. 2d 487, 109 S. Ct. 1892 (1989), a forfeiture statute must be *solely remedial* to escape characterization as "punishment" under the federal double jeopardy clause. Our Court of Appeals understood *Halper* to hold that if the statute is *at all remedial,* then the statute cannot be characterized as punitive. *State v. Clark,* 68 Wn. App. at 603. This reading is incorrect. *Halper* states in relevant portion: "a civil sanction that cannot fairly be said *solely to serve a*

---

U.S.C. § 881(a)(4)(C) provides: "no conveyance shall be forfeited . . . by reason of any act or omission established by that owner to have been committed or omitted without the knowledge, consent, or willful blindness of the owner".

Similarly, RCW 69.50.505(a)(8)(i) provides:

"No property may be forfeited pursuant to this subsection . . . by reason of any act or omission committed or omitted without the owner's knowledge or consent;" and RCW 69.50.505(a)(4)(ii) provides:

"No conveyance is subject to forfeiture under this section by reason of any act or omission established by the owner thereof to have been committed or omitted without the owner's knowledge or consent".

*remedial purpose,* but rather can only be explained as also serving either retributive or deterrent purposes, is punishment . . .". (Italics ours.) 490 U.S. at 448. The Legislature and courts of this state have both declared the Washington civil forfeiture statute to be at least partially punitive. The Legislature has declared "the forfeiture of real assets . . . *will provide a significant deterrent to crime* by removing the profit incentive of drug trafficking, and will provide a revenue source that will partially defray the large costs incurred by government as a result of these crimes". (Italics ours.) Laws of 1989, ch. 271, § 211, p. 1298. In *Deeter v. Smith,* 106 Wn.2d 376, 378, 721 P.2d 519 (1986), we also noted the purpose of the state civil forfeiture statute is to "penalize individuals who participate in [activities involving] controlled substances". In addition, as the *Austin* Court explained:

> The value of the conveyances and real property forfeitable . . . can vary so dramatically that any relationship between the Government's actual costs and the amount of the sanction is merely coincidental.

113 S. Ct. at 2812 n.14. This reasoning is applicable to the statute at issue here. RCW 69.50.505(a)(8) and (4) thus cannot be said solely to serve a remedial purpose, and forfeiture under these provisions constitutes "punishment".

The government's contention the forfeitures do not constitute punishment because they simply reflect the state's right to remove instrumentalities of crime from society is likewise unpersuasive. The *Austin* Court considered and rejected this argument on the grounds there is nothing remotely criminal about possessing a conveyance:

> [W]e have recognized that the forfeiture of contraband itself may be characterized as remedial because it removes dangerous or illegal items from society. The Court, however, previously has rejected government's attempt to extend that reasoning to conveyances used to transport illegal liquor. . . . [We have] noted: "There is nothing even remotely criminal in possessing an automobile."

(Citations omitted.) *Austin,* 113 S. Ct. at 2811. This reasoning is applicable to both the Clarks' home and their motor-

home. Neither forfeiture of a home under RCW 69.50.505-(a)(8) nor forfeiture of a motorhome under RCW 69.50.505-(a)(4) constitutes a simple removal of a dangerous or illegal item from society.

The government's efforts to distinguish the federal and state forfeiture statutes are not helpful. It argues that because the histories of the federal and state statutes differ, the state statute can be considered remedial despite the federal statute's characterization as "punishment". Even were the state statute more remedial than its federal counterpart, however, *Austin* holds that if the civil forfeiture statute is at all punitive, it is to be deemed "punishment". 113 S. Ct. at 2806.

Finally, it is true the *Austin* Court addressed the issue of "punishment" in the context of the Eighth Amendment. However, the *Austin* Court's reasoning for deeming forfeiture "punishment" for the purpose of Eighth Amendment analysis extends to the Fifth Amendment as well. The *Austin* Court concluded the distinction between proceedings in rem and proceedings in personam was meaningless. *Austin*, 113 S. Ct. at 2808 n.9. The meaninglessness of this distinction is no more evident under the Eighth Amendment than the Fifth Amendment. *Austin* explored the history of forfeiture in detail, concluding the first Congress viewed forfeiture as "punishment" at the time the Eighth Amendment was ratified. *Austin*, 113 S. Ct. at 2806-08. Since the Fifth Amendment was ratified at the same time, the same understanding of "punishment" governed. The Court recited a host of cases considering forfeiture to be "punishment" throughout American history. *Austin*, 113 S. Ct. at 2808-10. It also noted the inclusion of innocent-owner defenses reveals a congressional intent to punish only those involved in drug trafficking and indicates a modern belief in the method as "punishment". *Austin*, 113 S. Ct. at 2811. These insights apply equally with respect to the Fifth Amendment. Finally, the Court in *Austin* relied on *Halper*, a case concerning the Fifth Amendment's prohibition against double jeopardy. By

doing so, it incorporated the treatment of the concept of punishment as similar between the two clauses.

We therefore conclude the forfeitures at issue here are "punishment" for purposes of federal double jeopardy analysis. We reverse that portion of the Court of Appeals decision which is inconsistent with this holding. This holding is limited to the facts of this case. We do not hold the forfeiture of property acquired through proceeds traceable to a criminal violation to be "punishment" under the Fifth Amendment. *See United States v. Tilley*, 18 F.3d 295 (5th Cir. 1994) (civil forfeiture of proceeds from sale of drugs is not "punishment").

## B

### Same Offense

■ In order to prevail in a double jeopardy challenge, a defendant must not only show the existence of two "punishments". The defendant must also affirmatively establish he or she has been punished twice for the same offense. U.S. Const. amend. 5; *see also State v. Haye*, 72 Wn.2d 461, 433 P.2d 884 (1967); *United States v. Patterson*, 809 F.2d 244 (5th Cir. 1987). The Clarks have failed to meet this burden.

■ Although the Clarks at trial cited *Halper* as supporting their contention that the "same offense" underlay both punishments, they failed to provide any analytic support for the proposition that *Halper* governs this issue. Similarly, the only meaningful discussion of this issue before this court was by amicus curiae. This court does not generally reach issues only raised by amici. As we have previously stated, " '. . . the case must be made by the parties litigant, and its course and the issues involved cannot be changed or added to by "friends of the court.". . .' ". *Long v. Odell*, 60 Wn.2d 151, 154, 372 P.2d 548 (1962) (quoting *Lorentzen v. Deere Mfg. Co.*, 245 Iowa 1317, 66 N.W.2d 499 (1954)). *See also State v. Laviollette*, 118 Wn.2d 670, 826 P.2d 684 (1992); *State v. Gonzalez*, 110 Wn.2d 738, 752 n.2, 757 P.2d 925 (1988); *Coburn v. Seda*, 101 Wn.2d 270, 279, 677 P.2d 173 (1984).

We therefore will not decide whether either set of combined criminal and civil penalties was based on the same offense. The Clarks' double jeopardy challenge based on the federal constitution fails.

## II
### EXCESSIVE FINES CLAIMS

■ The Clarks also argue the civil forfeitures of their home and motorhome violate the excessive fines clauses of the state and federal constitutions. We do not reach the state constitutional issue because it was not properly raised.[7]

The eighth amendment to the United States Constitution declares that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Because neither party raises it, we do not reach the issue whether the federal excessive fines clause applies to state action. *See Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 276 n.22, 106 L. Ed. 2d 219, 109 S. Ct. 2909 (1989) (declining to reach issue whether excessive fines clause applies to states); *contra Browning-Ferris*, 492 U.S. at 284 (O'Connor, J., concurring in part, dissenting in part) (indicating excessive fines clause should apply to states).

Even if we were to assume the federal excessive fines clause does apply to state action, the Clarks' challenge would fail because they have not established that either of the forfeitures is "excessive" under the federal constitution.

## A
### "Punishment"

■ ■ The first step in an excessive fines claim is to demonstrate the state action is "punishment". *Austin v. United States*, 509 U.S. 602, 125 L. Ed. 2d 488, 113 S. Ct. 2801 (1993). The *Austin* Court held that if a civil forfeiture is properly characterized as "punishment", the excessive fines

---

[7]Const. art. 1, § 14 states: "Excessive bail shall not be required, excessive fines imposed, nor cruel punishment inflicted." Because the Clarks do not brief the basis of their state constitutional claim, we will not consider it. *State v. Wethered*, 110 Wn.2d 466, 755 P.2d 797 (1988); *State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808, 76 A.L.R.4th 517 (1986).

clause of the eighth amendment to the United States Constitution applies. As noted above, it held the nearly identical federal analogues to RCW 69.50.505(a)(8) and (4) to constitute punishment. *Austin*. Because of the near identity of the state and federal counterparts and for the reasons given in the above discussion of *Austin*, we conclude our state analogue has similar implications for purposes of federal excessive fines analysis. We therefore consider the forfeitures experienced by the Clarks pursuant to RCW 69.50.505(a)(8) and (4) to be "punishment" for purposes of excessive fines analysis. This holding is also limited to the facts of this case. We do not hold that the forfeiture of property or the portion thereof acquired through proceeds traceable to a criminal violation constitutes "punishment" under the Eighth Amendment. *See United States v. Borromeo*, 1 F.3d 219 (4th Cir. 1993) (whether proportionality relationship of forfeitures of the proceeds of illegal activity is necessary is not entirely clear); *United States v. $288,930.00 in U.S. Currency*, 838 F. Supp. 367 (N.D. Ill. 1993) (forfeiture of allegedly illegally obtained property is not "punishment" within meaning of Eighth Amendment); *United States v. $45,140.00 Currency*, 839 F. Supp. 556 (N.D. Ill. 1993).

## B
### "Excessive"

The Clarks do not prevail in their Eighth Amendment claim, however, because the forfeitures were not "excessive".

The government is entitled to rough remedial justice. *Austin v. United States*, 509 U.S. 602, 125 L. Ed. 2d 488, 113 S. Ct. 2801 (1993); *United States v. Halper*, 490 U.S. 435, 446, 104 L. Ed. 2d 487, 109 S. Ct. 1892, 1900 (1989).

The trial court in *State v. Clark, supra*, found the equity in the house and motorhome to be $30,921[8] and the cost of prosecution and investigation to have been at least $26,000.[9]

---

[8]Findings of Fact, Conclusions of Law and Judgment, at 4; Clerk's Papers (Clallam County v. Real Property known as 183-D Holgerson Road), at 9.

[9]We recognize the trial court's finding of fact on this issue includes an incomplete sentence. However, the cost of prosecution and investigation can be inferred from the judgment.

Because the government received rough remedial justice, we do not consider the forfeiture of either the Clarks' home or motorhome to be an "excessive" fine. The rough equivalence of the value of the property forfeited and the amount spent on prosecution may not always insulate a forfeiture from a finding that the forfeiture is "excessive". *See Austin*, 113 S. Ct. at 2812 n.15 (citing concurrence by Scalia, J.); *United States v. Borromeo*, 1 F.3d 219 (4th Cir. 1993) (compare value of property against nature of offense or amount needed to effectuate legitimate remedial purposes of forfeiture); *United States v. One Single Family Residence Located at 18755 North Bay Road, Miami*, 13 F.3d 1493 (11th Cir. 1994) (because owner of house was not one who preyed systematically on citizens and whose syndicated operations are so continuous and so substantial as to be of national concern, forfeiture of his home worth $150,000 was excessive); *United States v. Real Property Located at 6625 Zumirez Drive*, 845 F. Supp. 725 (C.D. Cal. 1994) (considering gravity of offense, harshness of punishment, whether defendant property was integral to offense, and whether activity involving defendant property, the forfeiture of father's home with $625,000 equity as a result of son selling cocaine on property was excessive); *United States v. Certain Real Property*, 829 F. Supp. 1071 (E.D. Wis. 1993) (where substantial manufacturing operation had been established on property, forfeiture of property was not excessive).

On the particular facts of this case, however, we do not find the punishment in the form of the civil forfeitures of the Clarks' home and motorhome to be "excessive".

## III
### Homestead Claim

■ The Clarks challenge the civil forfeitures of their home and motorhome on a third ground. They allege the civil forfeiture statute violates state constitutional and statutory protections of "homesteads". The Clarks did not raise the constitutional dimension of the homestead protection issue at trial and did not raise it before the Court of Appeals. We generally decline review of questions not raised

before the Court of Appeals. *State v. Laviollette*, 118 Wn.2d 670, 826 P.2d 684 (1992). One reason for the rule is to ensure that an appellant "ha[s] an opportunity to elect to stand on his theory or apply to the court to amend his theory and present some other one". *People's Nat'l Bank v. Peterson*, 82 Wn.2d 822, 830, 514 P.2d 159 (1973) (quoting *State v. Reano*, 67 Wn.2d 768, 771, 409 P.2d 853 (1966)). By declining review of issues not raised before a lower appellate court, we also encourage parties to raise issues before the Court of Appeals, thereby ensuring the "benefit of developed arguments on both sides and lower court opinions squarely addressing the question". *Yee v. Escondido*, 503 U.S. 519, 118 L. Ed. 2d 153, 112 S. Ct. 1522, 1534 (1992). For these reasons, we decline review of the Clarks' homestead claims.

## IV
### FOURTH AMENDMENT CLAIM

Finally, the Clarks claim their motion to suppress the evidence found pursuant to the search warrant should have been granted because material information was omitted deliberately or with reckless disregard for the truth from both the affidavits and testimony supporting the warrant.

A criminal defendant is entitled to suppress evidence if the state violates his or her Fourth Amendment rights against illegal search and seizure. U.S. Const. amend. 4; *Mapp v. Ohio*, 367 U.S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684 (1961); *Duncan v. Louisiana*, 391 U.S. 145, 20 L. Ed. 2d 491, 88 S. Ct. 1444 (1968) (Fourth Amendment is applicable to state action). If an affiant excludes material information from an affidavit supporting the issuance of a search warrant either deliberately or with reckless disregard for the truth, the court may require such information be included in the record for a new determination of whether probable cause existed. *State v. Jones*, 55 Wn. App. 343, 345, 777 P.2d 1053 (1989). If the affidavit as supplemented then fails to support a finding of probable cause, the warrant is void and the evidence secured pursuant to it is deemed a fruit of an illegal search which must be excluded. *State v. Jones*, 55 Wn. App. at 345. The Clarks assert nine additional facts should have been presented to the judge who issued the

search warrant. These facts supported three categories of information: (1) Swanton did not reveal his involvement with the Clarks until he was assured the statute of limitations had run; (2) law enforcement officers suspected Swanton of illegal activity; and (3) there was animosity between Swanton and the Clarks. Opening Br. of Pet'rs, at 3-4.

■ We reject their argument. The *Jones* rule requiring the inclusion of such material information does not apply because the trial court held the information to have been omitted neither deliberately nor with reckless disregard for the truth. Supplemental Findings of Fact, Conclusions of Law and Order Denying Mot. to Suppress, at 7; Supplemental Designation of Clerk's Papers (Clallam County v. Real Property known as 183-D Holgerson Road), at 11. A trial court's finding on whether an affiant deliberately excluded material facts is a factual determination, upheld unless clearly erroneous. *United States v. Elliott*, 893 F.2d 220, 222 (9th Cir.), *cert. denied*, 498 U.S. 904, 112 L. Ed. 2d 224, 111 S. Ct. 268 (1990); *State v. Cord*, 103 Wn.2d 361, 367, 693 P.2d 81 (1985) (citing *In re Sego*, 82 Wn.2d 736, 513 P.2d 831 (1973)). Nothing in the record causes us to conclude the trial court's finding was clearly erroneous. Therefore, the warrant was valid, the search was legal, and the evidence was properly admitted.

■ Even if the information had been withheld deliberately or with reckless disregard for the truth, its exclusion would have been harmless. The Clarks have failed to show how the excluded material would have in any meaningful way affected the judge's determination of probable cause.

We affirm the Court of Appeals decision affirming forfeiture of the Clarks' home and motorhome and their criminal convictions.

ANDERSEN, C.J., and BRACHTENBACH, DOLLIVER, DURHAM, SMITH, GUY, JOHNSON, and MADSEN, JJ., concur.

Reconsideration denied October 5, 1994.