[No. 14598-1-III.   Division Three.   May 30, 1996.]

THE STATE OF WASHINGTON, *Appellant*, v. MARY CATHERINE CATLETT, *Respondent*.

[13]RCW 2.06.040.

*James R. Sweetser, Prosecuting Attorney,* and *Larry D. Steinmetz, Deputy,* for appellant.

*Brian C. O'Brien* and *Dorn & O'Brien, P.S.,* for respondent.

THOMPSON, J. — The State of Washington appeals an order dismissing its criminal prosecution of Mary Catherine Catlett, whose car was seized in a previous civil forfeiture action. The State argues the court erred in concluding a criminal punishment would violate Ms. Catlett's

rights against double jeopardy. We disagree, and affirm the dismissal.

In January 1994, a Spokane police hearing officer ordered forfeiture of Ms. Catlett's 1982 Plymouth automobile pursuant to RCW 69.50.505(a). The hearing officer found Ms. Catlett (aka Mary C. Plata) drove the car during a controlled crack cocaine transaction on October 25, 1993. The car was seized on November 19, 1993, during a search of a Spokane residence.[1] The hearing officer concluded Ms. Catlett "is involved in the sale of drugs and her vehicle . . . was used in the sale of drugs."

In June 1994, the State charged Ms. Catlett with delivery of a controlled substance, RCW 69.50.401(a), on the basis of the controlled transaction on October 25, 1993. Ms. Catlett moved to dismiss the charge, arguing double jeopardy barred the criminal prosecution because of the previous civil forfeiture. The superior court agreed and dismissed the charge.

The double jeopardy clauses of the state and federal constitutions bar multiple punishments for the same offense.[2] U.S. Const. amend. V; Const. art. I, § 9; *United States v. Halper*, 490 U.S. 435, 440, 109 S. Ct. 1892, 104 L. Ed. 2d 487 (1989); *State v. Cole*, 128 Wn.2d 262, 273-74, 906 P.2d 925 (1995). The application of these provisions in

---

[1]The hearing officer also found that, during the search, "[m]oney used for the purchase of drugs was found in a bag belonging to Mary C. Plata, as well as crack cocaine in a pill bottle belonging to Mary C. Plata." The State later charged Ms. Catlett with delivery and possession of a controlled substance on November 18 and 19, 1993. The superior court initially dismissed these charges, along with the charge at issue in this case, but later reinstated them on the grounds that the car was not involved in the later incident. Ms. Catlett has not appealed the reinstatement of the charges related to the November 18-19 events, and they are not at issue here.

[2]There is no analytical distinction between the two provisions. *State v. Gocken*, 127 Wn.2d 95, 896 P.2d 1267 (1995); *State v. Cole*, 128 Wn.2d 262, 274 n.7, 906 P.2d 925 (1995).

the civil forfeiture arena is in "ferment." *Cole*, 128 Wn.2d at 273.[3]

Despite this uncertainty, two recent decisions by the Washington Supreme Court appear to resolve the issues in this case. In *State v. Clark*, 124 Wn.2d 90, 95, 875 P.2d 613 (1994), law enforcement authorities instituted a forfeiture action against various property. *Clark*, 124 Wn.2d at 94-95 n.1. The State forfeited the defendants' home[4] and vehicle.[5] *Clark*, 124 Wn.2d at 94-95 n.1. The defendants also were convicted of unlawful possession with intent to manufacture or deliver a controlled substance, RCW 69.50.401(a). *Clark*, 124 Wn.2d at 95.

On appeal, the defendants then argued the civil forfeiture and criminal prosecution violated their rights against double jeopardy. *Clark*, 124 Wn.2d at 95. The Supreme Court held forfeitures under RCW 69.50.505(a)(4) and (8) are "punishment" for purposes of double jeopardy analysis. *Clark*, 124 Wn.2d at 96-101.[6]

The forfeiture problem arose again in *Cole*, in which a seriously divided Supreme Court decided two consolidated cases. In one case, officers seized various items on grounds

---

[3]*See United States v. Ursery*, 59 F.3d 568 (6th Cir. 1995), *cert. granted*, 116 S. Ct. 762 (1996); *United States v. $405,089.23 U.S. Currency*, 56 F.3d 41 (9th Cir. 1995), *cert. granted*, 116 S. Ct. 762 (1996). The court heard oral argument on both cases on April 17, 1996.

[4]RCW 69.50.505(a)(8) authorizes forfeiture of "[a]ll real property . . . and any appurtenances or improvements which are being used with the knowledge of the owner for the manufacturing, compounding, processing, delivery, importing, or exporting of any controlled substance, or which have been acquired in whole or in part with proceeds traceable to an exchange or series of exchanges in violation of this chapter or chapter 69.41 or 69.52 RCW, if such activity is not less than a class C felony and a substantial nexus exists between the commercial production or sale of the controlled substance and the real property."

[5]RCW 69.50.505(a)(4) authorizes forfeiture of "[a]ll conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, in any manner to facilitate the sale, delivery, or receipt of [controlled substances] . . . ."

[6]However, the court affirmed the convictions, holding the defendants had failed to establish the two punishments were for the "same offense." *Clark*, 124 Wn.2d at 101-02.

the property was "proceeds" of illegal drug activities.[7] *Cole*, 128 Wn.2d at 270. The defendant then was convicted of possession of marijuana with intent to deliver, RCW 69.50.401(a). *Cole*, 128 Wn.2d at 271. In the second case, officers seized a car and its contents, cash, cocaine, and various other items. *Cole*, 128 Wn.2d at 271-72. The defendant agreed to forfeiture of some of the items. *Cole*, 128 Wn.2d at 272. He then pleaded guilty to delivery and possession with intent to deliver cocaine, and the superior court rejected his double jeopardy claim. *Cole*, 128 Wn.2d at 272.

On appeal, six justices agreed civil forfeiture of the *proceeds* of a crime, pursuant to RCW 69.50.505(a)(7), is not a "punishment" for double jeopardy purposes, and affirmed the convictions in the first case and remanded the second for determination whether the assets were proceeds. *Cole*, 128 Wn.2d at 276-85; *Cole*, 128 Wn.2d at 293 (Alexander, J., concurring in part, dissenting in part). Six justices also agreed civil forfeitures and criminal prosecutions arising out of the same conduct are for the "same offense" for double jeopardy purposes. *Cole*, 128 Wn.2d at 293 (Alexander, J., concurring in part, dissenting in part); *Cole*, 128 Wn.2d at 297-300 (Johnson, J., dissenting).

The State argues the forfeiture of Ms. Catlett's car was not "punishment," and the proceedings were not for the "same offense." *Clark* and *Cole* dispense with both arguments. The record clearly shows Ms. Catlett's car was not *proceeds*.[8] Applying the holding in *Clark*, the forfeiture

---

[7]RCW 69.50.505(a)(7) authorizes forfeiture of "[a]ll moneys, negotiable instruments, securities, or other tangible or intangible property of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this chapter or chapter 69.41 or 69.52 RCW, all tangible or intangible personal property, proceeds, or assets acquired in whole or in part with proceeds traceable to an exchange or series of exchanges in violation of this chapter or chapter 69.41 or 69.52 RCW, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this chapter or chapter 69.41 or 69.52 RCW."

[8]The hearing officer concluded the car "was used in the sale of drugs," indicating the forfeiture was based on RCW 69.50.505(a)(4). The State conceded this point in argument before the superior court. The State argues on appeal that a

was "punishment" for double jeopardy purposes. Also, applying the reasoning of a majority of the justices in *Cole*, the civil forfeiture and criminal prosecutions are the "same offense" for double jeopardy purposes.

Holding Ms. Catlett criminally liable, after first forfeiting her car (which was not proceeds of her drug activities), would have subjected her to multiple punishments for the same offense. The superior court properly dismissed the criminal charge.

We affirm.

SWEENEY, C.J., and SCHULTHEIS, J., concur.

Review granted at 130 Wn.2d 1001 (1996).

factfinding hearing is necessary to determine whether the forfeiture was "punishment," but *Clark* indicates simply that a forfeiture of a conveyance pursuant to RCW 69.50.505(a)(4) is "punishment." No additional facts are required.