# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53401-1-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JOHN WAYNE VINTON, | |
| Appellant. | |

MAXA, J. – John Vinton appeals his convictions of unlawful possession of a controlled substance with intent to deliver and three counts of first degree unlawful possession of a firearm. We hold that (1) the trial court did not abuse its discretion when it declined to hold a *Franks*[1] hearing because Vinton failed to make a preliminary showing of a material intentional omission or misrepresentation in the affidavit in support of the search warrant, and (2) Vinton fails to show based on the record that he received ineffective assistance of counsel. Therefore, we affirm Vinton's convictions.

## FACTS

On February 3, 2018, Detective Shaun Darby obtained a search warrant to search Vinton's residence, person, and a light colored 2002 Chevy Suburban. On February 8, Darby obtained a search warrant to search a white Chevy Silverado. That same day, deputies stopped and arrested Vinton when he was driving the Silverado. In a search of that vehicle, the deputies

---

[1] *Franks v. Delaware*, 438 U.S. 154, 155-56, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978).

seized methamphetamine, several firearms, scales, and baggies. The State charged Vinton with one count of unlawful possession of a controlled substance with intent to deliver and three counts of first degree unlawful possession of a firearm.

Before trial, Vinton filed a motion to suppress, alleging that there was good reason to believe that the deputies obtained the February 8 search warrant for the Silverado after they had already stopped it, arrested Vinton, and searched the vehicle. Vinton argued that he was entitled to a *Franks* hearing because there appeared to be misstatements in the search warrant affidavits and there was identical language in both affidavits. However, the only evidence before the court was the two search warrants and their supporting affidavits. The trial court denied the motion.

A jury found Vinton guilty of all four charged counts. Vinton appeals his convictions.

ANALYSIS

A.      DENIAL OF A *FRANKS* HEARING

Vinton argues that the trial court abused its discretion in not conducting a *Franks* hearing because the February 8 search warrant affidavit contained material intentional or reckless misrepresentations and omissions. We disagree.

1.      Legal Principles

Both the Fourth Amendment to the United States Constitution and article 1, section 7 of the Washington Constitution require probable cause to support the issuance of a search warrant. *See State v. Martines*, 184 Wn.2d 83, 90, 355 P.3d 1111 (2015) (Fourth Amendment); *State v. Ollivier*, 178 Wn.2d 813, 846, 312 P.3d 1 (2013) (article 1, section 7). "Probable cause exists when the affidavit in support of the search warrant 'sets forth facts and circumstances sufficient to establish a reasonable inference that the defendant is probably involved in criminal activity

and that evidence of the crime may be found at a certain location.' " *Ollivier*, 178 Wn.2d at 846-47 (quoting *State v. Jackson*, 150 Wn.2d 251, 264, 76 P.3d 217 (2003)).

In *Franks*, the United States Supreme Court held that after a search warrant has been issued, a defendant is entitled to an evidentiary hearing regarding the veracity of factual allegations in the search warrant affidavit if (1) the defendant makes a substantial preliminary showing that the affiant knowingly and intentionally or with reckless disregard for the truth included a false statement in the warrant affidavit, and (2) the allegedly false statement is necessary to the finding of probable cause. 438 U.S. at 154. This test also applies to material omissions of fact. *State v. Chenoweth*, 160 Wn.2d 454, 474-75, 158 P.3d 595 (2007).

The defendant must show that an omission in a search warrant affidavit was both intentional and material to be entitled to a *Franks* hearing. *See State v. Garrison*, 118 Wn.2d 870, 872-73, 827 P.2d 1388 (1992). At the *Franks* hearing, if the defendant is successful in proving the material omissions by a preponderance of the evidence, the trial court must include the omissions and determine whether the modified affidavit still supports a finding of probable cause. *Ollivier*, 178 Wn.2d at 847. If it does not, the warrant is invalidated and the evidence is suppressed. *Id*.

We review a trial court's decision to deny the defendant a *Franks* hearing for an abuse of discretion. *State v. Wolken*, 103 Wn.2d 823, 829-30, 700 P.3d 319 (1985).

2.    Analysis

Vinton contends that he was entitled to a *Franks* hearing because there was no time stamp on the February 8 warrant and therefore it could have been issued after the deputies had searched his car. Vinton also claims that the similarity between the confidential information in the February 3 and the February 8 affidavits makes it probable that Darby simply changed the

type of vehicle listed on the February 3 affidavit for the February 8 affidavit in order to cover up the illegal search of the Silverado. He claims that the trial court should have held a hearing in which Darby and Vinton could have testified as to the order of events and the reasons for the omissions and misrepresentations.

As noted above, a *Franks* hearing is appropriate only if the defendant makes a substantial preliminary showing that a false statement was included in the warrant application. *Franks*, 438 U.S. at 155-56. But here, Vinton presented no evidence to support his claim that Darby obtained the February 8 search warrant after he had searched Vinton's vehicle. Although defense counsel said he was relying on what Vinton told him, he did not present an affidavit or any other proof to substantiate his claim. And while the two search warrant affidavits had similarities, Vinton does not explain, other than by conjecture, that these similarities show misrepresentations fatal to probable cause.

We hold that the trial court did not abuse its discretion when it denied Vinton's request for a *Franks* hearing.

B.      INEFFECTIVE ASSISTANCE OF COUNSEL

Vinton argues that he received ineffective assistance of counsel because defense counsel failed to (1) provide any independent evidence to support his request for a *Franks* hearing; (2) perform any pre-trial discovery; and (3) provide a trial witness list, object to the State's evidence, call any defense witnesses, or propose jury instructions. We disagree.

1.      Legal Principles

Ineffective assistance of counsel is a constitutional error, arising from the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution. *See State v. Estes*, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017). To prevail on an

4

ineffective assistance claim, the defendant must show both that (1) defense counsel's representation was deficient and (2) the deficient representation prejudiced the defendant. *Id*. at 457-58. Representation is deficient if, after considering all the circumstances, it falls below an objective standard of reasonableness. *Id*. at 458. Prejudice exists if there is a reasonable probability that, except for counsel's errors, the result of the proceeding would have been different. *Id*.

When addressing an ineffective assistance of counsel claim, we consider only facts contained in the record. *Estes*, 188 Wn.2d at 467. Specifically, we do not consider off-the-record conversations between the defendant and defense counsel. *Id.*

2. Analysis

Regarding the *Franks* hearing, Vinton argues that defense counsel failed to submit the evidence necessary to support a *Franks* hearing. But there is nothing in the record indicating that such evidence was available. When the trial court asked whether there was any evidence to support Vinton's claim that the search of his vehicle took place before the deputies obtained a warrant to search it, defense counsel stated, "Your Honor, the only evidence would be the information that my client has provided to me." 1 Report of Proceedings at 32. And there is no evidence in the record of what Vinton provided to defense counsel.

Regarding Vinton's claim that defense counsel failed to perform any pre-trial discovery, he relies on defense counsel's assertion in a continuance motion that he was not ready for trial because he had not completed his witness interviews. But this continuance motion was nearly two months before trial, and nothing in the record shows that defense counsel was unprepared at the time of trial.

Regarding Vinton's claim that defense counsel was ineffective at trial, he fails to show what witnesses should have been listed or called and explain why their testimony would be exculpatory, what evidence defense counsel should have objected to, or what jury instructions defense counsel should have submitted.

We conclude that Vinton cannot establish that his defense counsel provided deficient representation, and therefore we hold that he did not receive ineffective assistance of counsel.

CONCLUSION

We affirm Vinton's convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.


We concur:

_____
SUTTON, A.C.J.


_____
CRUSER, J.